549 So.2d 949 (1989)
Juarez L. KEYES
v.
STATE of Mississippi.
No. 07-58757.
Supreme Court of Mississippi.
September 27, 1989.
Juarez L. Keyes, Parchman, pro se.
Edwin Lloyd Pittman, Atty. Gen., Jackson, elected Supreme Court Justice January 3, 1989; Mike C. Moore, Atty. Gen., Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
Today's appeal asks that we review the order of the Circuit Court of Hinds County denying the application of Juarez L. Keyes that five of the six sentences of imprisonment under which he is now held be stripped of their enhanced, i.e., no parole, status originally ordered under Miss. Code Ann. § 99-19-81 (Supp. 1989). The net effect of these sentences is rather stiff  fifty-seven (57) years imprisonment without *950 eligibility for probation or parole. Upon a careful review of the record and particularly the course of proceedings before the Circuit Court on Keyes' various guilty pleas, we find that his rights were scrupulously regarded. The Circuit Court was well within its authority when it denied Keyes post-conviction relief.
Keyes was born on June 7, 1955. On September 30, 1983, Keyes entered pleas of guilty to six separate charges, several of which had been reduced from those in the indictment.
The Circuit Court conducted the plea hearing and found that Keyes' pleas had been voluntarily and knowingly entered. Thereafter, Keyes was sentenced as follows: (1) Case No. X-620H (rape) Keyes was sentenced as an habitual offender under Section 99-19-81 to serve a term of thirty-seven (37) years in the custody of the Mississippi Department of Corrections; (2) in No. X-618H (robbery) Keyes was sentenced as an habitual offender under Section 99-19-81 to serve a term of fifteen (15) years in the custody of MDOC; said sentence to run concurrent to the sentence in No. X-620H; (3) in No. X-306 (burglary) Keyes was sentenced to serve a term of ten (10) years in the custody of MDOC, said sentence to run concurrent to Nos. X-620H, X-618H and X-306; (4) No. in X-619H (burglary) Keyes was sentenced as an habitual offender under Section 99-19-81 to serve a term of ten (10) years in the custody of MDOC, said sentence to run concurrent to Nos. X-620H, X-618H, and X-306; (5) in No. X-616H (aggravated assault) Keyes was sentenced as an habitual offender under Section 99-19-81 to serve a term of twenty (20) years in MDOC, said sentence to run consecutive to Nos. X-620H, X-618H, X-306 and X-619H; and (6) in No. X-617H (breaking out of a closure after commission of a crime) Keyes was sentenced as an habitual offender to serve a term of ten (10) years in the MDOC, said sentence to run concurrent with No. X-616H, but consecutive to Nos. X-620H, X-618H, X-306 and X-619H.
Keyes has applied for post-conviction relief, urging procedural irregularities in his sentences. Before the Circuit Court, Keyes sought to vacate the enhancement feature of his sentences in Cases Nos. X-620H (rape), X-618 (robbery), X-619H (burglary), X-616H (aggravated assault), and X-617H (breaking out of a closure after commission of a crime). Keyes' argument is that he was not given a separate hearing on the question of whether he should be sentenced as an habitual offender on these convictions.
The record reflects that the two prior felony convictions relied upon for enhancement of sentence were separate robbery convictions in Cook County, Illinois. With respect to each of his five habitual offender sentences, the record reflects that on September 30, 1983, Keyes filed a Petition to Enter Guilty Plea, in each of which he represented that he had been advised by his lawyer as to the maximum punishment and, more specifically, that he understood "that if I am sentenced as a habitual criminal, I will not be eligible for parole." At Keyes' sentencing hearing in the Circuit Court, the following transpired with respect to these prior convictions:
Q. You also understand that on this charge, as well as the rest of the charges, that you're charged as a habitual and the indictment  the remaining indictments charged that you've previously been convicted of robbery in the Circuit Court of Cook County, Illinois on August the 29th, 1979, in Cause No. 9-1762  60  excuse me, 602 and the charge of plain robbery in the Circuit Court of Cook County, Illinois, on August the 5th, 1977, in Cause No. 75-2590 and that on each of those charges they arose out of separate incidents and they were separately  and that on each one of them you were sentenced to separate terms of one year or more in the penal institution. Do you understand that you're being charged as a habitual on that one?
A. Yes.
Q. Have you in fact been convicted of those two charges?

A. Yes.

Q. In Illinois?

*951 A. Yes, sir.

Q. Again, have you gone over all of the facts of this case of this charge with Mr. May?
A. Yes.
(Emphasis supplied.)
Rule 6.04(3), Miss.Unif.Crim.R.Cir.Ct. Prac., provides for cases such as this that
If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.
Where the defendant has been convicted after jury trial, the recidivism hearing will indeed be separate and subsequent. But where the defendant enters a plea of guilty, nothing in the rule mandates a separate hearing. The rule provides only that, after entry of the plea, "a hearing ... will then be conducted...."
We have held the rule enforceable in the sense that the constitution confers on the accused no right of trial by jury on the question whether he is an habitual offender. Adams v. State, 410 So.2d 1332, 1334 (Miss. 1982); Diddlemeyer v. State, 398 So.2d 1343, 1346 (Miss. 1981); Wilson v. State, 395 So.2d 957, 959-61 (Miss. 1981). All that is required is that the accused be properly indicted as an habitual offender, see Akins v. State, 493 So.2d 1321, 1322 (Miss. 1986); Perkins v. State, 487 So.2d 791, 792 (Miss. 1986); Dalgo v. State, 435 So.2d 628, 630 (Miss. 1983); that the prosecution prove the prior offenses by competent evidence, Young v. State, 507 So.2d 48, 50 (Miss. 1987); Bandy v. State, 495 So.2d 486, 491 (Miss. 1986); DeBussi v. State, 453 So.2d 1030, 1031-32 (Miss. 1984); and that the defendant be given a reasonable opportunity to challenge the prosecution's proof.
Where the defendant pleads not guilty and goes to trial, the reason for a separate hearing is to preclude jury knowledge of prior convictions, except as otherwise admissible. See Rule 609, Miss.R.Ev. This reason does not obtain at sentencing, for the law strongly encourages, if it does not direct, the sentencing judge to become wholly familiar with the defendant's prior record before passing sentence. See Rule 6.02(2), Miss.Unif.Crim.R.Cir.Ct.Prac.
Under these circumstances, we find beyond peradventure that Keyes' status as an habitual offender was established at the time his sentences were imposed. That this was done at the same hearing where his guilty plea was accepted rather than at a separate hearing is of no moment. The cases upon which Keyes relies  Young, Bandy, DeBussi, and Seely v. State, 451 So.2d 213 (Miss. 1984)  all involve the situation where an offender has been found guilty before a jury and thereafter a separate non-jury hearing is held on the question of habitual offender status. Those cases hardly stand for the proposition that a separate habitual offender hearing must be held upon a guilty plea. Indeed, this would be the ultimate in exalting form over substance.
Beyond all of this, defendant's failure at the time of sentencing to request a separate hearing would preclude his now raising the point, even if it had substantive merit. See Dalgo v. State, 435 So.2d 628, 630 (Miss. 1983).
AFFIRMED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.