## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00346-SCT

*TROY COOK a/k/a TROY E. COOK*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/95 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/5/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/26/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Troy Cook was indicted during the September 1992 Term of the Union County Circuit Court for burglary of an inhabited dwelling with the intent to commit an assault as a habitual offender under Miss. Code Ann. § 99-19-83. The indictment charged that Cook broke into Ozelia Eslinger's home on July 3, 1992, with the intent to assault her. On September 10, 1992, Cook pled guilty to the reduced habitual offender charge under Miss. Code Ann. § 99-19-81, reducing the mandatory sentence from life imprisonment without parole to a mandatory fifteen-year sentence without parole. Circuit Court Judge William R. Lamb accepted Cook's guilty plea, and sentenced him to serve the mandatory fifteen-year term with the Mississippi Department of Corrections, without possibility of parole.

On April 15, 1994, Cook filed his Petition for Post-Conviction Collateral Relief in the Circuit Court

of Union County. In his petition, Cook claimed that his guilty plea was not entered knowingly and voluntarily due to ineffective assistance of counsel. He also asserted that his attorney's performance was deficient due to the lack of a habitual offender hearing and because he failed to file a motion to dismiss due to pre-trial publicity released by Union County Police Chief David Grisham. Cook filed a petition for writ of mandamus with this Court on September 27, 1994, requesting that the Circuit Court of Union County be ordered to issue a ruling on his petition for post-conviction collateral relief. Finding that it was manifest that Cook was not entitled to any relief, Circuit Judge R. Kenneth Coleman ordered that Cook's petition be denied pursuant to Miss. Code Ann. § 99-39-11(2) on March 12, 1995. This Court then issued its order dismissing Cook's petition for writ of mandamus as moot on March 27, 1995. Cook filed his notice of appeal to this Court on March 31, 1995.

<u>STATEMENT OF THE LAW</u>

I.

**WHETHER THE CIRCUIT COURT ERRED IN FAILING TO PROVIDE APPELLANT WITH A COPY OF THE PLEA HEARING TRANSCRIPT.**

Cook first argues that the trial court's denial of his request for a free copy of his plea transcript denied him due process, because it deprived him of the ability to properly present his claims in his petition for post-conviction relief. He cites *Britt v. North Carolina*, 404 U.S. 226 (1971), in support of this proposition. In that opinion, the United States Supreme Court stated:

> *Griffin v. Illinois* and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. . . . In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

*Britt*, 404 U.S. at 227 (citing *Griffin v. Illinois*, 351 U.S. 12 (1956); *Williams v. Oklahoma City*, 395 U.S. 458 (1969); *Gardner v. California*, 393 U.S. 367 (1969); *Roberts v. LaVallee*, 389 U.S. 40 (1967); *Long v. District Court of Iowa*, 385 U.S. 192 (1966); *Draper v. Washington*, 372 U.S. 487 (1963); *Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214 (1958)).

The Mississippi Uniform Post-Conviction Collateral Relief Act controls the procedure for appellate review via a post-conviction relief motion in this state. Miss. Code Ann. § 99-39-1 et seq. "A prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge." *Fleming v. State*, 553 So.2d 505, 506 (Miss. 1989).

Under 28 U.S.C. § 753, an indigent prisoner is entitled to a free transcript in pursuit of post-

conviction collateral relief if a judge certifies that the claim is 'not frivolous' and that the transcript is 'needed to decide the issue presented.' The United States Supreme Court held that requiring the prisoner to satisfy these conditions at the collateral review stage did not violate either the due process or equal protection guarantees of the U.S. Constitution.

*Id*. at 507 (citing *U.S. v. MacCollom*, 426 U.S. 317, 325 (1976)). "The state has a serious obligation to assist an indigent in getting a fair trial but it is under no duty to subsidize fishing expeditions." *Fisher v. State*, 532 So.2d 992, 999 (Miss. 1988).

The record in this case does not reflect any denied request for a free transcript by Cook. However, even if Cook did make a request for a copy of his plea transcript and it was denied, the trial judge in this case properly found that Cook's petition for post-conviction relief was frivolous. In his petition, Cook first claimed that his guilty plea was not knowingly and voluntarily entered because of failure to hold a habitual offender hearing. However, in *Keyes v. State*, 549 So.2d 949 (Miss. 1989), this Court held that a separate habitual offender hearing is not necessary when the defendant enters a guilty plea and his habitual offender status is established at the plea hearing. *Keyes*, 549 So.2d at 951. Here, the State presented the court files from Cook's previous convictions at his plea hearing, and Cook himself testified that he had pled guilty to the previous three charges, two for burglary and one for simple assault on a law enforcement officer. As a result, Cook was not entitled to a separate habitual offender hearing.

Cook's petition also alleged that his guilty plea was rendered involuntary due to ineffective assistance of counsel, but he did not provide any set of facts to show how his attorney was deficient other than the assertion regarding pre-trial publicity by the chief of police. Cook did not make any evidentiary showing of what the statement was or how it was prejudicial to his case, in light of his guilty plea which waived any right to change of venue. *See Banana v. State*, 635 So.2d 851, 853-54 (Miss. 1994). Because Cook was plainly not entitled to any relief based upon the face of his petition, the trial judge properly dismissed the petition pursuant to Miss. Code Ann. § 99-39-11(2). As a result, Cook was not entitled to receive a free copy of his plea transcript.

## II.

### WHETHER THE CIRCUIT COURT COMMITTED ERROR IN NOT ALLOWING APPELLANT AN EVIDENTIARY HEARING.

"If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss. Code Ann. § 99-39-11(2). Even if the trial judge does not dismiss the motion, he may decide that an evidentiary hearing is not required. Miss. Code Ann. § 99-39-19.

This Court has previously stated:

We adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

In **Moore v. Ruth**, 556 So.2d 1059, 1061 (Miss. 1990) we held that where a prisoner is proceeding *pro se*, we take that fact into account and, in our discretion, credit not so well pled allegations.

**Turner v. State**, 590 So.2d 871, 874 (Miss. 1991) (internal citations omitted).

Even taking into consideration Cook's pro se status, his petition failed to meet the basic pleading requirements. As previously discussed, none of Cook's allegations presented claims entitling him to post-conviction relief. The trial judge properly dismissed Cook's petition pursuant to Miss. Code Ann. § 99-39-11(2), finding that it was manifest that Cook was not entitled to any relief. No evidentiary hearing is required under these circumstances.

## III.

## WHETHER APPELLANT'S GUILTY PLEA WAS RENDERED INVOLUNTARY AND UNKNOWING DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

In order to make a successful argument for ineffective assistance of counsel, the criminal defendant must show that 1) his attorney's performance was deficient, and 2) that but for the attorney's deficiency, the outcome of the proceedings would have been different. **Wiley v. State**, 517 So.2d 1373, 1378 (Miss. 1987) (citing **Strickland v. Washington**, 466 U.S. 668, 687 (1984)).

Cook argues that his attorney's performance was deficient, because he gave Cook misinformation regarding his guilty plea. In **Hill v. Lockhart**, 474 U.S. 52, 56 (1985), the United States Supreme Court determined that the **Strickland** test for determining ineffective assistance of counsel applies to the challenge of a guilty plea based upon ineffective assistance. **Hill**, 474 U.S. at 58. In order to prove that a guilty plea was rendered involuntary based upon ineffective assistance of counsel, a defendant must first show that his attorney's advice on entering the guilty plea was outside of the realm of competence expected of criminal attorneys. **Id**. at 56-59.

> The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

**Id**. at 59. Cook does not specifically say how his attorney misled him into pleading guilty. The record does not reflect any improper or incorrect statements made by his attorney at the plea hearing. Judge Lamb satisfied the requirements under U.R.C.C.C. 8.04, **Gilliard v. State**, 462 So.2d 710, 712 (Miss. 1985) (citing **Henderson v. Morgan**, 426 U.S. 637 (1976)), and **Boykin v. Alabama**, 395 U.S. 238 (1969), for ensuring that a guilty plea is made knowingly and voluntarily. The judge informed Cook of his constitutional rights, determined that Cook's guilty plea was not induced by threat or force, and thoroughly explained the charge, effects of pleading guilty, the sentencing phase, and the mandatory sentence involved. The judge also determined that there was a factual basis to support the guilty plea. The record reflects no deficiency by Cook's attorney, but instead shows that Cook knowingly and voluntarily entered his guilty plea.

Cook also points to the fact that he did not admit to committing the burglary as evidence that his guilty plea was not knowing and voluntary. However, it is well-settled that a guilty plea may be properly accepted, even though it is accompanied by a protestation of innocence, so long as there is an evidentiary basis for the defendant's guilt. *North Carolina v. Alford*, 400 U.S. 25, 37-39 (1970); *Lott v. State*, 597 So.2d 627, 628-31 (Miss. 1992) ; *Corley v. State*, 585 So.2d 765, 766 (Miss. 1991); *Reynolds v. State*, 521 So.2d 914, 916 (Miss. 1988). In this case, Cook denied ever breaking into Ozelia Eslinger's house, but testified at his plea hearing that he wanted to plead guilty, because he believed that the jury would find him guilty based upon his prior record of burglary. Before accepting his guilty plea, the trial court heard the factual basis offered by the State that Mrs. Eslinger's daughter, Ruby, saw Cook exiting her mother's home immediately before finding her mother, who had been physically assaulted, inside the front door. Ruby knew Cook from living in his neighborhood, and was able to identify him as the person she observed leaving her mother's home after the break-in and assault. Based upon this factual showing by the State, the trial court properly found that sufficient evidence existed to support Cook's guilty plea.

## CONCLUSION

Cook has failed to make an convincing argument for unknowing, unintelligent, involuntary guilty plea or for ineffective assistance of counsel. Because the claims set out in his petition for post-conviction relief were properly dismissed by the trial court pursuant to Miss. Code Ann. § 99-39-11(2), Cook was not entitled to either a free copy of his plea transcript or an evidentiary hearing. We therefore affirm the trial court's dismissal of Cook's petition for post-conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**