826 So.2d 772 (2002)
Jackie Russell CROUCH, Jr. a/k/a Jackie R. Crouch a/k/a Jackie R. Crouch, Jr. a/k/a Jackie Russell Crouch, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00667-COA.
Court of Appeals of Mississippi.
September 17, 2002.
*774 Jackie Russell Crouch, Pro Se, attorney for appellant.
Office of the Attorney General, by Charles W. Maris Jr., attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and THOMAS, JJ.
THOMAS, J., for the court.
¶ 1. Jackie Crouch, pro se, appeals an order of the Circuit Court of Marshall County, Mississippi denying his petition for post-conviction relief. Aggrieved, Crouch asserts the following issues on appeal:
I. THE TRIAL COURT ERRED IN SUMMARILY DISMISSING POST-CONVICTION RELIEF MOTION WHERE TRIAL COURT FAILED TO CONDUCT SEPARATE HEARING ON PRIOR CONVICTIONS, AS REQUIRED BY MISS. UNIFORM RULE 6.04(2)(3), BEFORE FINDING DEFENDANT GUILTY OF BEING A HABITUAL OFFENDER AND IMPOSING SENTENCE UNDER MISS. CODE ANN. § 99-19-81 UPON SUCH PRIOR CONVICTION.
II. THE TRIAL COURT ERRED IN SUMMARILY DISMISSING POST-CONVICTION RELIEF MOTION WHERE PRIOR CONVICTION AND SENTENCE USED AGAINST CROUCH IN SEPTEMBER 10, 1991, LEE COUNTY, MISSISSIPPI, CONVICTION, WAS INVALID FOR SUCH USE WHERE TRIAL COURT JUDGE, IN 1991 CASE, ACTUALLY FAILED TO ADVISE DEFENDANT THAT HE HAD THE CONSTITUTIONAL RIGHT TO ASSISTANCE OF COUNSEL IN HIS DEFENSE IF HE WENT TO TRIAL IN REGARDS TO SUCH CHARGE.
III. THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING ON THE CLAIMS OF THE PRO SE POST-CONVICTION RELIEF MOTION.
Finding no error, we affirm.

PROCEDURAL HISTORY AND FACTS
¶ 2. Jackie Crouch pled guilty to capital murder and two counts of kidnapping. The State waived seeking the death penalty, and Crouch was sentenced to life in prison consecutive to two thirty-year, concurrent, habitual, kidnapping sentences. During his guilty pleas Crouch was represented by counsel. On August 19, 1995, Crouch filed an application in the Circuit Court of Marshall County for issuance of writ of habeas corpus. Pursuant to that motion, he sought vacation of his guilty pleas. The circuit court denied relief, and Crouch appeals pro se to this Court.

*775 ANALYSIS

I. DID THE TRIAL COURT ERR IN SUMMARILY DISMISSING POST-CONVICTION RELIEF MOTION WHERE TRIAL COURT FAILED TO CONDUCT SEPARATE HEARING ON PRIOR CONVICTIONS, AS REQUIRED BY MISS. UNIFORM RULE 6.04(2)(3), BEFORE FINDING DEFENDANT GUILTY OF BEING A HABITUAL OFFENDER AND IMPOSING SENTENCE UNDER MISS. CODE ANN. § 99-19-81 UPON SUCH PRIOR CONVICTION?
¶ 3. Crouch asserts that his sentence must be overturned because the lower court, after his guilty pleas, failed to conduct a "separate" sentencing hearing pursuant to Rule 6.04, Mississippi Uniform Criminal Rules of Circuit Court Practice, which is the precursor to current rule 11.03. The State points this Court to Keyes v. State, 549 So.2d 949 (Miss.1989). In Keyes, the defendant sought post-conviction relief regarding five of his six sentences because they were enhanced due to habitual offender status without separate hearings. Keyes, 549 So.2d at 950. The Mississippi Supreme Court denied the defendant in Keyes relief. Id. at 951. As the State correctly argues, Keyes procedurally and substantively forecloses this issue.
¶ 4. In Keyes, the court held, "defendant's failure at the time of sentencing to request a separate hearing would preclude his now raising the point, even if it had substantive merit." Id. The court in Keyes went on to state:
If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions. Where the defendant has been convicted after jury trial, the recidivism hearing will indeed be separate and subsequent. But where the defendant enters a plea of guilty, nothing in the rule mandates a separate hearing. The rule provides only that, after entry of the plea, "a hearing ... will then be conducted...."
We have held the rule enforceable in the sense that the constitution confers on the accused no right of trial by jury on the question whether he is an habitual offender. Adams v. State, 410 So.2d 1332, 1334 (Miss.1982); Diddlemeyer v. State, 398 So.2d 1343, 1346 (Miss.1981); Wilson v. State, 395 So.2d 957, 959-61 (Miss.1981). All that is required is that the accused be properly indicted as an habitual offender, see Akins v. State, 493 So.2d 1321, 1322 (Miss.1986); Perkins v. State, 487 So.2d 791, 792 (Miss.1986); Dalgo v. State, 435 So.2d 628, 630 (Miss. 1983); that the prosecution prove the prior offenses by competent evidence, Young v. State, 507 So.2d 48, 50 (Miss. 1987); Bandy v. State, 495 So.2d 486, 491 (Miss.1986)(overruled on other grounds); DeBussi v. State, 453 So.2d 1030, 1031-32 (Miss.1984)(overruled on other grounds); and that the defendant be given a reasonable opportunity to challenge the prosecution's proof. Where the defendant pleads not guilty and goes to trial, the reason for a separate hearing is to preclude jury knowledge of prior convictions, except as otherwise admissible. See Rule 609, Miss. R.Evid. This reason does not obtain at sentencing, for the law strongly encourages, if it does not direct, the sentencing judge to become wholly familiar with the defendant's prior record before passing sentence. See Rule 6.02(2), Miss.Unif. Crim.R.Cir.Ct.Prac.
Id. Crouch was properly indicted as a habitual offender, and although he had ample *776 opportunity to challenge his prior offenses, he chose to admit them. Under the law as stated above, this is all that is required. This issue is without merit.

II. DID THE TRIAL COURT ERR IN SUMMARILY DISMISSING POST-CONVICTION RELIEF MOTION WHERE PRIOR CONVICTION AND SENTENCE USED AGAINST CROUCH IN SEPTEMBER 10, 1991, LEE COUNTY, MISSISSIPPI, CONVICTION, WAS INVALID FOR SUCH USE WHERE TRIAL COURT JUDGE, IN 1991 CASE, ACTUALLY FAILED TO ADVISE DEFENDANT THAT HE HAD THE CONSTITUTIONAL RIGHT TO ASSISTANCE OF COUNSEL IN HIS DEFENSE IF HE WENT TO TRIAL IN REGARDS TO SUCH CHARGE?
¶ 5. Crouch argues that one of the prior sentences used to enhance his sentence is invalid, because the trial judge in that conviction failed to advise Crouch that he had a constitutional right to assistance of counsel. Crouch admits that a defendant must challenge his facially valid prior judgments of conviction in the courts in which they were entered. Phillips v. State, 421 So.2d 476, 481 (Miss.1982). When the State offered proof of the prior convictions, Crouch admitted to them, thereby raising no issue as to their validity.
¶ 6. Crouch, having failed to timely raise the issue and having pled guilty, has waived the issue and it cannot be considered on post-conviction motion. Walker v. State, 671 So.2d 581, 587 (Miss. 1995). "This Court, after finding a procedural bar, need not look further." Id. "However, the Court, alternatively, may review the merits of the underlying claim knowing that any subsequent review will stand on the bar alone." Id. "A defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal." Stubbs v. State, 811 So.2d 384, 387 (¶ 9) (Miss.Ct.App.2001)(citing Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994)). Crouch's argument is procedurally barred.

III. DID THE TRIAL COURT ERR IN FAILING TO CONDUCT A HEARING ON THE CLAIMS OF THE PRO SE POST-CONVICTION RELIEF MOTION?
¶ 7. In Crouch's final issue, he presents several arguments. Crouch first re-argues his second issue which has already been discussed above. He then asserts that his appeal was delayed by the trial court and that he was deprived of his right to a speedy appeal. "A showing of prejudice is necessary to make out a claim of a denial of a speedy appeal." Gary v. State, 760 So.2d 743, 756 (¶ 43) (Miss.2000)(quoting Lanier v. State, 684 So.2d 93, 100 (Miss.1996)). Crouch failed to show or even to allege any prejudice due to delay.
¶ 8. Crouch also claims he was improperly denied an evidentiary hearing on his claims. A hearing is not required if an affidavit is "overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham...." Wright v. State, 577 So.2d 387, 390 (Miss.1991) (citing Albertson v. T.J. Stevenson & Co., 749 F.2d 223 (5th Cir. 1984)); see also King v. State, 679 So.2d 208, 210-11 (Miss.1996); Harris v. State, 578 So.2d 617, 620 (Miss.1991). Crouch has shown this Court no reason why the trial court should have conducted an evidentiary hearing on his motion for post-conviction *777 relief. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.