967 So.2d 1244 (2007)
Lawrence Wayne MINCHEW, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00485-COA.
Court of Appeals of Mississippi.
April 24, 2007.
Rehearing Denied November 6, 2007.
*1246 Lawrence Wayne Minchew (Pro Se).
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., IRVING, BARNES and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case comes before this Court from the February 10, 2006 order of the Circuit Court of Harrison County denying a motion for post-conviction relief. Finding no error, we affirm.

FACTS
¶ 2. Lawrence Wayne Minchew was indicted by the grand jury of Harrison County in two causes, both as an habitual offender under the provisions of Mississippi Code Annotated § 99-19-83 (Rev.2000). One indictment, cause number 835(835), charged Minchew with two counts, the first for possession of a controlled substance with intent, the second for possession of a controlled substance. The other indictment, cause number 504(504), charged him with possession of pseudoephedrine. On November 5, 2002, Minchew entered a plea of guilty to the charge under 504 and to the first count of 835. The State agreed to pass to the files four other charges, one being the second count of 835. The trial judge accepted Minchew's pleas and sentenced him to five years under 504 and seventeen years under 835. The sentences were to run concurrently for a total of seventeen years.
¶ 3. On November 3, 2005, Minchew filed a motion for post-conviction relief in the Circuit Court of Harrison County which was denied by order of the court on February 10, 2006. Aggrieved by the denial, Minchew appeals.

DISCUSSION
1. Untimely Appeal
¶ 4. The State asserts that this Court lacks jurisdiction to hear this appeal because Minchew's notice of appeal was untimely filed. Mississippi Rule of Appellate Procedure 4(a) requires that a notice of appeal "[s]hall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." An appeal which is "not timely filed pursuant to Rule 4 or 5" shall be mandatorily dismissed. Rule (2)(a)(1). When challenging an appeal as untimely, the State bears the burden of proving that, under the terms of the prison mailbox rule, *1247 the prisoner's notice of appeal was not "filed" within the thirty-day window of Rule 4. Sykes v. State, 757 So.2d 997, 1000-01(¶ 14) (Miss.2000); Vance v. State, 941 So.2d 225, 227(¶ 5) (Miss.Ct.App.2006) (citation omitted). Under the prison mailbox rule, a pro se prisoner's notice of appeal is effectively "filed" under Rule 4 when the prisoner delivers his notice of appeal to the proper prison authorities for mailing. Sykes, 757 So.2d at 1000-01(¶ 14).
¶ 5. The order denying Minchew's motion for post-conviction relief was entered on February 10, 2006. The thirty-day period for filing would have run on March 12, 2006, a Sunday. Consequently, he had until March 13, 2006 to timely file his appeal. Minchew's notice of appeal was received and filed by the circuit court on March 23, 2006, ten days late. Further, as indicated in his certificate of service, Minchew did not cause his notice of appeal to be mailed until March 20, 2006, seven days after the expiration of his thirty-day deadline. Thus, Minchew's appeal was not timely filed under the prison mailbox rule, because, by his own admission, Minchew did not deliver his appeal to the prison authorities for mailing prior to the expiration of his thirty-day deadline. Consequently, there is no dispute as to whether Minchew's notice was untimely filed.
¶ 6. In his reply brief, Minchew urges this Court to suspend the thirty-day time requirement. This Court has the authority to suspend the thirty-day time requirement "in the interest of expediting decision or for other good cause shown." Rule 2(c); see also Rule 4 cmt. (time requirement may be suspended under Rule 4 in criminal cases, post-conviction cases included). Minchew asserts that the February 10, 2006 order denying his motion for post-conviction relief was not stamped and mailed from the circuit court until February 15, 2006, and that he did not receive it from the clerk until several days later. He claims further that the "law clerk at Marshall County Correctional" told him that the thirty days started to run from the day he received notice of the order. Minchew argues in essence that this constitutes good cause and that his appeal should be heard notwithstanding its untimeliness.
¶ 7. Situations where a defendant receives late notice of the entry of an order are provided for in Rule 4(h). When a notice of appeal is filed more than thirty days after the entry of the order appealed from, the trial court may reopen the time for appeal "if it finds [] that a party entitled to notice of the entry of a judgement or order did not receive such notice from the clerk or any party within 21 days of its entry. . . ." Rule 4(h) (emphasis added). "Reopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier." Id. cmt. According to his own statements, Minchew received notice within twenty-one days of the entry of the order, and, in any event, filed no motion to reopen the time for appeal with the trial court. We recognize that Minchew also failed to file a motion for extension under Rule 4(g).
¶ 8. This Court has looked with care at Minchew's situation, taking into consideration that he is a pro se litigant. We find that Minchew failed to utilize the options available to him and additionally conclude that he has not made a showing of good cause. Therefore we decline to exercise our discretion to suspend the time-requirement of Rule 4. Alternatively, should Minchew's appeal not be procedurally barred we further find that it is without merit. We will address the merits of Minchew's individual claims in the interest of explanation with the understanding that "any subsequent *1248 review will stand on the bar alone." Walker v. State, 671 So.2d 581, 587 (Miss.1995).
2. Due process
¶ 9. Minchew claims that he was denied due process of law because he was not given a separate recidivism hearing and that, as a result, he was improperly sentenced as an habitual offender. He contends that under Rule 11.03(3) of the Uniform Rules of Circuit and County Court, he was entitled to a hearing, separate and apart from his guilty plea hearing, to determine whether he should be sentenced as an habitual offender.
¶ 10. A separate recidivism hearing is required where the defendant is convicted by jury trial; however, a defendant who enters a plea of guilty is not entitled to a separate hearing. Keyes v. State, 549 So.2d 949, 951 (Miss.1989); Crouch v. State, 826 So.2d 772, 775(¶ 4) (Miss.Ct.App.2002). The requirement of a separate recidivism hearing is a measure protective in nature, whose purpose is to withhold from the jury knowledge of the defendant's prior criminal convictions. Keyes, 549 So.2d at 951. In situations where the defendant enters a guilty plea, the need for a separate hearing does not arise; therefore, no separate hearing is required. Id. A defendant is properly sentenced as an habitual offender if the defendant is sufficiently indicted as an habitual, the prosecution proves the prior convictions with competent evidence, and the defendant has a reasonable opportunity to contest the proof offered by the prosecution. Id.
¶ 11. Minchew filed a petition to enter a plea of guilty in which he acknowledged that he was indicted as an habitual and that the maximum punishment was life. He further acknowledged that he had previously been convicted of "several" felonies. Minchew was properly indicted as an habitual, he had ample opportunity to challenge the validity of his prior convictions yet declined to do so. Minchew was not denied due process as he was not entitled to a separate hearing. The trial court did not err in sentencing Minchew as an habitual.
¶ 12. Even if Minchew's claim had substantive merit, the record does not reflect, nor does Minchew assert, that he requested a separate hearing at the time of sentencing. As a result, he is precluded from now raising the argument for the first time on appeal. Id. (citing Dalgo v. State, 435 So.2d 628, 630 (Miss.1983)).
¶ 13. Minchew's argument also fails because the sentence he received was illegally lenient. A defendant who benefits from the receipt of a sentence more lenient than required by statute may not later be heard to complain that his sentence is illegal. Cook v. State, 910 So.2d 745, 747(¶ 10) (Miss.Ct.App.2005); Sykes v. State, 895 So.2d 191, 196(¶ 20) (Miss.Ct. App.2005). Minchew pled guilty and was sentenced as an habitual offender under Mississippi Code Annotated section 99-19-83, which requires a sentence of life imprisonment. However, the trial judge only sentenced him to seventeen years. Minchew clearly benefitted from the sentence that he now challenges. This issue is without merit.
3. Ineffective Assistance
¶ 14. Minchew claims that his attorney induced him to plead guilty by misrepresentations which led him to believe that, if he pled guilty, the habitual portion of the indictment against him would be dropped and he would only receive a sentence of five years. Minchew also argues that his attorney's performance was ineffective because he failed to subpoena witnesses and evidence.
*1249 ¶ 15. As a preliminary matter, we note that Minchew offers to this Court only his bare assertions as proof that he was denied adequate representation. He provided no affidavits or proposed testimony of other witnesses to support his contentions. Post-conviction claims of ineffective assistance are properly dismissed where the defendant offers only his affidavit in support of his allegations. Vielee v. State, 653 So.2d 920, 922 (Miss.1995) ("Where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." (citations omitted)); Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990); Hargett v. State, 864 So.2d 283, 285(¶ 8) (Miss.Ct.App.2003); Coleman v. State, 772 So.2d 1101, 1102(¶ 7) (Miss.Ct.App.2000). Minchew's claim of ineffective assistance is without merit and was properly dismissed by the trial court.
¶ 16. To prove a claim of ineffective assistance, a defendant must show (1) that his defense counsel's performance was deficient, and (2) that the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss.1999). "The determination of whether counsel's performance was both deficient and prejudicial must be determined from the `totality of the circumstances.'" Cole v. State, 666 So.2d 767, 775 (Miss.1995) (citation omitted). The defendant bears the burden of proving both prongs of Strickland and faces a rebuttable presumption "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." Edwards v. State, 615 So.2d 590, 596 (Miss.1993) (citing Leatherwood v. State, 473 So.2d 964, 969 (Miss. 1985)).
¶ 17. Evaluating Minchew's claim from the totality of the circumstances, we find that he was well-advised by his attorney that he should plead guilty. Minchew faced a maximum sentence of life imprisonment, yet under the advice and direction of his attorney, he was able to plead guilty and receive a sentence of only seventeen years. Minchew's attorney also managed to get four charges retired to the files. In the trial court's order denying his motion, it was noted that Minchew's attorney "raised every credible pre-trial motion and was prepared to go forward." We find that Minchew has failed to overcome the presumption that his attorney's actions were reasonable and strategic, and has failed to show prejudice. This claim is without merit.
4. Involuntary Plea
¶ 18. Minchew argues that his plea was involuntarily entered due to the erroneous advice of his attorney, namely, that if he pled guilty, the habitual portion of his indictment would be dropped and he would receive a sentence of only five years. For a guilty plea to be valid it must be made "voluntarily and intelligently." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). "A plea is deemed `voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Id. (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)).
¶ 19. The record does not support Minchew's assertions. Minchew signed a petition to plead guilty in which he acknowledged that the maximum sentence was five years for cause number 504 and thirty years for cause number 835, for a total of thirty-five years. The petition further acknowledged that Minchew was indicted as an habitual offender which carried a maximum sentence of life. He represented in his petition that he had previously been convicted of "several" felonies, and admitted his guilt to the two charges under which he sought to plead guilty. The petition *1250 demonstrates that an open plea was intended, and states that "the court is not required to carry out any understanding [] with the district attorney" or accept any sentencing recommendation made by the State. Minchew also acknowledged in his petition that he was satisfied with the advice and help of his attorney and that any representations as to a lighter sentence made by his attorney were mere predictions and not binding on the court. The record does not contain the transcript of the plea hearing or sentencing hearing but does contain the sentencing order in which the trial judge stated that no recommendation was made by the State, and that the State agreed to pass to the files four charges. The only bit of evidence Minchew offers to prove an agreement to drop the habitual portion of his indictment is the fact that paragraph sixteen of his petition to plead guilty is checked. We do not find this to be persuasive. Paragraphs sixteen and seventeen read:

16. Habitual Criminal Paragraph. If not applicable [checked].
 (check)
17. Registration of Sex Offenders Form. If not applicable [NA]. 
 (check)

¶ 20. Sex offender status is clearly inapplicable to Minchew's case and paragraph seventeen was appropriately marked "NA." It seems logical then, that if habitual criminal status was also inapplicable, paragraph sixteen would have likewise been designated "NA."
¶ 21. We find that the record demonstrates that Minchew was aware of the consequence of his plea. His claim is directly contradicted by his petition to plead guilty and was properly dismissed by the trial court. Sandifer v. State, 799 So.2d 914, 917(¶ 8) (Miss.Ct.App.2001) (citing Young v. State, 731 So.2d 1120, 1122-23(¶ 10) (Miss.1999)). Beyond all this, as previously noted, Minchew failed to provide the affidavits of others in support of his claims. This issue is without merit.
5. Breached Plea Agreement
¶ 22. Minchew vaguely argues that his plea agreement was breached. Again he asserts that pursuant to an alleged plea agreement, he would not be sentenced as an habitual offender. As determined above, Minchew has failed to show that there was any agreement under which he would not be sentenced as an habitual. At most, the record suggests that the State agreed to retire four charges to the files in exchange for Minchew's guilty plea. This issue is without merit.
¶ 23. More importantly, Minchew directs us to no authority in support of this claim. "This Court will not review any issues where the party has failed to cite relevant authority." Beene v. State, 910 So.2d 1152, 1154(¶ 7) (Miss.Ct.App.2005) (citing Williams v. State, 708 So.2d 1358, 1360-61(¶ 12) (Miss.1998)).
6. Ambiguous Sentence
¶ 24. Minchew claims that the sentencing order was ambiguous. Once again, Minchew fails to cite any authority in support of this argument. However we will address it. The sentencing order provided that Minchew be sentenced under 835 to seventeen years "under the supervision of the Mississippi Department of Corrections [(MDOC)]," and under 504 to five years "in the MDOC." Finally, the order stated that the sentences would run concurrently for a total of seventeen years "in the custody of the MDOC." Minchew *1251 appears to argue that the words "under the supervision of" imply something less than incarceration such as house arrest or probation. We disagree. Although the trial court could have possibly been more consistent in the wording of the sentencing order, we find that the order was abundantly clear that Minchew would be incarcerated. This issue is without merit.
¶ 25. Minchew argues that the inconsistent wording of the sentencing order subjected him to double jeopardy. This argument is completely without merit and warrants no further discussion.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. All COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.