## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01109-COA

**BOBBY EUGENE EPPS A/K/A BOBBY E. EPPS**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/20/2013 |
| TRIAL JUDGE: | HON. JAMES MCCLURE III |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY EUGENE EPPS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/02/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND JAMES, JJ.

### JAMES, J., FOR THE COURT:

¶1. Bobby Eugene Epps pled guilty in the Panola County Circuit Court to manufacturing methamphetamine, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007), and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Epps filed a motion for post-conviction relief (PCR), which the trial court denied. Aggrieved, Epps now appeals raising the following issues: (1) whether the trial court improperly sentenced him as a habitual offender pursuant to section 99-19-81; and (2) whether he was denied effective assistance of counsel.

Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On October 29, 2009, a Panola County grand jury returned a five-count indictment charging Epps with conspiracy to manufacture methamphetamine, manufacture of methamphetamine, possession of precursors, possession of methamphetamine, and possession of marijuana. Epps was indicted as a habitual offender[1] pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2007).[2]

¶3.     Epps entered into a plea agreement with the State. The terms of the agreement were reflected in a petition to enter a plea of guilty filed by Epps on January 22, 2010. Pursuant to the agreement, Epps agreed to plead guilty to count two of the indictment: manufacture of a controlled substance, methamphetamine. In exchange for his guilty plea to manufacturing methamphetamine, the State agreed to reduce Epps's habitual-offender status from section 99-19-83 to section 99-19-81.[3] The State also agreed to retire the remaining

[1] Epps's indictment enumerated five prior felony convictions in which Epps was sentenced to separate terms of one year or more.

[2] Section 99-19-83 provides in part: "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony . . . and who shall have been sentenced to and served separate terms of one (1) year or more, . . . and where any one (1) of such felonies shall have been a crime of violence, . . . shall be sentenced to life imprisonment[.]"

[3] Section 99-19-81 provides: "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony . . . and who shall have been sentenced to separate terms of one (1) year . . . , shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."

2

four charges of the indictment to the file.

¶4.     On January 22, 2010, Epps pled guilty to manufacturing methamphetamine as a habitual offender pursuant to section 99-19-81. During the plea hearing, the following exchange occurred between the trial court, James Hale, representing the State, and David Walker, Epps's trial counsel:

| | |
|---|---|
| [Mr. Hale]: | Your Honor, . . . Mr. Epps was originally indicted as a [section] 99-19-83 habitual offender. As part of this plea negotiation, we have agreed to reduce that to . . . [a] habitual offender under [section] 99-19-81. I would at this time offer his . . . five prior convictions, one being a crime of violence, the other four being [drug] related. . . [.] |
| [Trial Court]: | Mr. Walker, have you had an opportunity to review all the prior convictions? |
| [Mr. Walker]: | I have; . . . they were part of the State's [d]iscovery response. |
| [Trial Court]: | You have no question as to their authenticity or applicability? |
| [Mr. Walker]: | I do not. |
| [Trial Court]: | They can be marked and received into evidence. |
| . . . . | |
| [Trial Court]: | The [c]ourt then will accept the recommendation . . . . [Epps] has a long history of criminal activity. I will sentence him to a term of [twenty-five] years in the [MDOC] pursuant to [s]ection 99-19-81. The State has proven beyond a reasonable doubt that Mr. Epps falls under [s]ection 99-19-81[.] |

Epps was sentenced to twenty-five years in the custody of the MDOC.

3

¶5. On September 11, 2012, Epps filed a motion for PCR in which he asserted that the trial court erred in convicting him as a habitual offender without first conducting a separate recidivism hearing. Epps also asserted that his trial counsel was ineffective for failing to request a separate hearing. The trial court denied Epps's motion for PCR on May 20, 2013. Epps now appeals. Finding no error, we affirm.

## DISCUSSION

¶6. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Martin v. State*, 138 So. 3d 267, 268 (¶3) (Miss. Ct. App. 2014) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

    **I.    Whether the trial court improperly sentenced Epps as a habitual offender.**

¶7. Epps argues that the trial court erred by sentencing him as a habitual offender without first conducting a separate hearing on his prior convictions. Epps does not contest the sufficiency of the indictment, nor does he contest the sufficiency of the evidence presented by the State regarding his status as a habitual offender. Epps merely argues that he was entitled to a separate hearing pursuant to Rule 11.03(3) of the Uniform Rules of Circuit and County Court. We disagree.

¶8. Rule 11.03 addresses enhanced punishment for subsequent offenses and provides: "If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before

4

the court without a jury will then be conducted on the previous convictions." URCCC 11.03(3). However, we have held that "a defendant who enters a plea of guilty is not entitled to a separate hearing." *Minchew v. State*, 967 So. 2d 1244, 1248 (¶10) (Miss. Ct. App. 2007) (citing *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989); *Crouch v. State*, 826 So. 2d 772, 775 (¶4) (Miss. Ct. App. 2002)). Holding a separate recidivism hearing is "a measure protective in nature, whose purpose is to withhold from the jury knowledge of the defendant's prior criminal convictions." *Id.* Thus, "in situations where the defendant enters a guilty plea, the need for a separate hearing does not arise; therefore, no separate hearing is required." *Id.* All that is required to impose a sentence as a habitual offender is: "that the accused be properly indicted as an habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution's proof." *Keyes*, 549 So. 2d at 951 (internal citations omitted). Finally, "a petitioner's status as [a] habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing." *Ross v. State*, 119 So. 3d 1119, 1124 (¶17) (Miss. Ct. App. 2013) (quoting *Hudson v. State*, 891 So. 2d 260, 262 (¶6) (Miss. Ct. App. 2004)).

¶9.     We find that the trial court did not err when it sentenced Epps as a habitual offender without conducting a separate recidivism hearing. A review of the record clearly demonstrates that Epps was properly indicted as a habitual offender; the State offered competent evidence regarding the prior offenses; and Epps had the opportunity to contest the State's evidence. Furthermore, there is nothing in the record that indicates that Epps requested a separate hearing at the time of the sentencing. As a result, Epps is precluded

5

from raising this argument on appeal. *See Minchew*, 967 So. 2d at 1248 (¶12). Accordingly, this issue is without merit.

## II. Whether Epps was denied effective assistance of counsel.

¶10. Epps also argues that he was denied effective assistance of counsel due to his trial counsel's failure to request a separate recidivism hearing and permitting Epps to be sentenced as a habitual offender.

¶11. In order to succeed on a claim of ineffective assistance of counsel, Epps must demonstrate that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When raising a claim of ineffective assistance of counsel, "[t]he defendant bears the burden of proving both prongs of *Strickland* and faces a rebuttable presumption 'that trial counsel's conduct [was] within the wide range of reasonable conduct and that decisions made by counsel [were] strategic.'" *Minchew*, 967 So. 2d at 1249 (¶16) (quoting *Edwards v. State*, 615 So. 2d 590, 596 (Miss. 1993)). Finally, "[t]he determination of whether counsel's performance was both deficient and prejudicial must be determined from the 'totality of the circumstances.'" *Id.* (quoting *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995)).

¶12. We first note that Epps has failed to provide any supporting affidavits or other evidence in support of his claim that his trial counsel was ineffective. Epps merely asserts that his trial counsel failed to request a separate recidivism hearing prior to Epps's sentencing. "It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel." *Bell v. State*, 117 So. 3d 661, 664 (¶11) (Miss. Ct. App. 2013) (quoting *Ealey v.*

6

*State*, 967 So. 2d 685, 691 (¶18) (Miss. Ct. App. 2007)). Nevertheless, as discussed above, Epps was not entitled to a separate hearing prior to being sentenced as a habitual offender. Thus Epps's trial counsel was not ineffective for failing to request a separate hearing.

¶13.   Evaluating the totality of the circumstances, we find that Epps was well-advised by his trial counsel.  The indictment charged Epps with five counts, including: conspiracy to manufacture methamphetamine, manufacture of methamphetamine, possession of precursors, possession of methamphetamine, and possession of marijuana.  Epps was indicted as a habitual offender pursuant to section 99-19-83.  Thus, Epps faced a maximum sentence of life imprisonment without the possibility of parole.  However, due to the efforts of his attorney, Epps was able to plead guilty to one count of manufacture of a controlled substance as a habitual offender pursuant to section 99-19-81.  We find that Epps has failed to demonstrate that his trial counsel was deficient and prejudicial.  Accordingly, this issue is without merit.

¶14.   **THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.**