MYERS, J.,
for the court.
¶ 1. Timothy Nash Loden filed a petition for post-conviction relief which was denied. His claims are that his plea was unknowingly and involuntarily given and that he did not receive effective assistance of counsel. He now appeals the denial of his petition. Finding no error, we affirm.
FACTS
¶ 2. Loden pled guilty before the Circuit Court of Prentiss County as a habitual offender to the capital murder of Joey Pannell, the Honorable Thomas Gardner presiding. At the time of the plea, Loden was represented by both Thomas H. Comer and Christopher Kitchens. Loden was sentenced to life imprisonment without parole in the custody of the Mississippi Department of Corrections. Loden filed his petition for post-conviction relief claiming that his plea was unknowingly and involuntarily given and that he received ineffective assistance of counsel.
DISCUSSION
¶ 3. Loden claims that his plea was not voluntary because his mental state was unstable and this was evident by the fact that he was under the influence of the medication, “Paxil”. The question of whether one’s plea is voluntary is grounds for post-conviction relief. Miss.Code Ann. § 99 — 39—5(l)(f) (Supp.2001). He claims his need for the medication arose when he developed depression because of his incarceration and future in jail. He claims that the onset of his depression occurred due to his attorneys constantly telling him that he would receive the death penalty if he went to trial. His attorneys were correct in advising Loden that if he went to trial he would face the death penalty as a conviction for capital murder carries the possibility of the death penalty. Miss.Code Ann. § 97-3-21 (Supp.2001). Attorneys are to advise a client as to the best course of action in the attorney’s opinion. An attorney does not make the final decision in plea bargains. The district attorney and the defendant make the decisions.
¶ 4. In addition to what his attorneys were telling him, Loden was completely and thoroughly advised by the court about the possible sentencing if he went to trial. During the course of the plea hearing, the judge pressed through the litany of constitutional rights and provisions afforded to and waived by Loden. Loden indicated that not only did he understand the proceeding, it was his choice to continue. No information was withheld from Loden. We have previously held that when the court questions the defendant, explains his rights and the effects of the consequences of his plea on the record, then the plea is held to be voluntary regardless of the advice offered by his attorney. Roland v. State, 666 So.2d 747, 750 (Miss.1995).
¶ 5. In order for a claim of ineffective assistance of counsel to justify an evidentiary hearing, a claimant must raise sufficient questions of fact. Walker v. State, 703 So.2d 266, 268 (Miss.1997). Lo-den has not done so. He offered two affidavits from a relative and his girl friend containing the exact same language. The only difference is the names of the *369 affiants and notaries public names. These do not lend credibility to his claims. Lo-den presents nothing from attorneys supporting his charges nor from anyone else. His allegations are inconsistent with “sworn testimony before the trial court at the time he entered his guilty plea,” and do not merit performing an evidentiary hearing. Taylor v. State, 682 So.2d 359, 364 (Miss.1996).
¶ 6. Loden has pled guilty several times before which is why he was sentenced as a habitual offender. He has never claimed to have misunderstood the procedures involved in pleading guilty. No inducements or coercion came from his attorneys. His only choices were to plead guilty and go to jail for the rest of his life or go to trial and take his chances with a jury and the possibility of the death penalty. Loden was advised of his rights and he waived many of them by pleading guilty just as he had in his past plea agreements. The judge made that clear in his discourse with Lo-den. Loden was not coerced into pleading guilty. It was a pragmatic move on his part, if not facing the death penalty was his goal. There is no merit to any of Loden’s claims. We affirm.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PRENTISS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.