KING, C.J.,
for the Court:
¶ 1. Terry Wilkins filed a pro se motion for post-conviction relief on March 12, 2009. On July 20, 2009, the Lafayette County Circuit Court denied the motion. Wilkins filed a timely appeal arguing the following issues: (1) he received ineffective assistance of counsel because his attorney failed to investigate his case and adequately prepare a defense; (2) his sentence was unconstitutional because his co-defendant received a lesser sentence; (3) his guilty plea was not entered knowingly, voluntarily, and intelligently because he was not informed of the minimum and maximum sentence; (4) his indictment was defective because it incorrectly listed the date of one of the offenses used for sentence enhancement; and (5) the State failed to prove his habitual status. Finding no error, we affirm the judgment of the trial court.
FACTS
¶ 2. On February 23, 2007, Wilkins was indicted for burglary of a dwelling pursuant to Mississippi Code Annotated section 97-17-23 (Rev.2006) and as a habitual offender pursuant to Mississippi Code Annotated section 99-19-B1 (Rev.2007). On July 2, 2007, Wilkins entered a guilty plea and was sentenced to serve seventeen and a half years in the custody of the Mississippi Department of Corrections (MDOG). On March 12, 2009, Wilkins filed a motion for post-conviction relief. On July 20, 2009, the Circuit Court of Lafayette County denied Wilkins’s motion for post-conviction relief. Wilkins claimed that his conviction and sentence should be set aside for the following reasons: (1) his counsel provided him ineffective assistance; (2) the State failed to meet its burden of proof according to Mississippi Code Annotated section 99-19-81; (3) his guilty plea was not valid because intervening case law ruled the Uniform Rules of Circuit and County Court 8.04 unconstitutional; and (4) he was denied due process because his sentence was not within the statutory limits. Wilkins timely filed his appeal on August 12, 2009.
STANDARD OF REVIEW
¶ 3. “When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008) (quoting Lambert v. State, 941 So.2d 804, 807 (¶ 14) (Miss.2006)). “However, where questions of law are raised, the applicable standard of review is de novo.” Id.
ANALYSIS
I. Ineffective Assistance of Counsel
¶ 4. Wilkins argues that he received ineffective assistance from his trial counsel. Specifically, Wilkins contends that: (1) his counsel failed to investigate the facts of the offense charged; (2) his counsel failed to interview witnesses; (3) his counsel failed to call witnesses to rebut the State’s witnesses; (4) his counsel failed to adequately prepare a defense; and (5) his counsel failed to object to the disparity in the sentencing between him and his co-defendant.
¶ 5. The burden of proving ineffective assistance of counsel rests on Wilkins. In order to establish a ■ claim of ineffective assistance of counsel, Wilkins must prove *22 that counsel’s performance was deficient and that his defense was prejudiced by his counsel’s deficient performance. Coleman v. State, 979 So.2d 731, 735 (¶ 14) (Miss.Ct.App.2008) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Under Strickland, there is a strong, but rebuttable, presumption that counsel’s performance falls within the range of reasonable professional assistance. Id. (¶ 14) (citing Strickland, 466 U.S. at 689, 104 S.Ct. 2052). “To overcome this presumption, the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 6. Wilkins failed to provide any credible proof of his trial counsel’s alleged deficient performance. Wilkins did claim the existence of an alibi witness, Susan Kesler, that his defense counsel failed to interview. According to Wilkins, had his counsel interviewed Kesler, she would have stated that Wilkins was at her home at the time of the burglary. Wilkins asserts that Kesler was willing to sign an affidavit and testify regarding Wilkins’s whereabouts during the crime. Wilkins asserts that he would not have pled guilty and have proceeded to trial if he had had an alibi witness and he possibly would have been acquitted of the charges against him. This Court notes with interest that while Wilkins has suggested that Kesler was, prepared to offer an affidavit and testify regarding his alibi, no affidavit from Kesler has been presented as a part of this post-conviction-relief proceeding, nor has any such affidavit been incorporated into the record on appeal. Instead, Wilkins has only provided his self-serving affidavit. “In cases involving post-conviction collateral relief, ‘where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.’ ” Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 7. Wilkins maintains that had his counsel investigated the facts of the case and interviewed witnesses, the outcome of the trial likely would have been different. This Court has previously held that in order for a failure to investigate claim to rise to ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome. Johnson v. State, 987 So.2d 501, 504 (¶ 15) (Miss.Ct.App.2008). This Court recognizes that defense counsel has a duty to interview potential witnesses and make an independent investigation of the facts and circumstances of a case. However, without more, the mere failure to investigate will not give rise to a viable claim of ineffective assistance of counsel. Reed v. State, 918 So.2d 776, 778 (¶ 5) (Miss.Ct.App.2005) (citing Brown v. State, 798 So.2d 481, 496 (¶ 21) (Miss.2001)). To establish a viable claim, Wilkins must also demonstrate that the likely outcome of the trial would have differed if his counsel had, in fact, conducted an investigation. Wilkins claims that he was at Kesler’s home at the time of the burglary, but the only particulars as to what counsel would have discovered had he investigated were found in Wilkins’s affidavit. In addition to Kesler and his co-defendant, David L. Dickey, Wilkins identified one other individual, Ronnie Winters, who likely would have knowledge of the facts of this case. However, Wilkins failed to provide' the trial court or this Court with an affidavit from either Kesler, Dickey, or Winters.
¶ 8. During the plea colloquy, the State represented to the trial court that it *23 would offer evidence to prove the following facts in its case against Wilkins:
[T]he State would expect to prove in this case that on or about the 17th day of October 2006 in Lafayette County, State of Mississippi, within the jurisdiction of this Court that this defendant, Terry Wilkins, in concert with another defendant, David L. Dick[ey], did break and enter a structure which is number 207 on a county road in Lafayette County, Mississippi, which was the property of Dee Mize, which was a dwelling house of Dee Mize; that they entered this dwelling house, or one of them did, in cooperation with the other; and that they took certain goods out of that structure; that they sold those goods; that those goods, some of which were later recovered, most of which were later recovered; and that that would be what we would prove with respect to the actual breaking and entering.
With respect to the allegations that the defendant is a habitual offender, we would expect to prove that in cause number LK-03-294 in this court that the defendant, Terry Wilkins, was convicted on the 1st day of October 2003 for the felony crime of receiving stolen property; and he was sentenced to serve more than a year on [that] occasion; and that also in the cause number LK-03-295 in this court the defendant, Terry Wilkins, was convicted on or about the same day of taking a motor vehicle, taking away a motor vehicle, which is another felony crime; and that he was sentenced to serve more than a year on that occasion as well; and that some portion of that time was suspended; but in each case he received a sentence of 5 years. That’s what we would expect to prove, and I want to know if the defendant agrees that that’s substantially correct.
In response to a question from the trial court, Wilkins acknowledged under oath that the representations of the State as what the evidence would show were substantially true and correct. Included in those representations which Wilkins acknowledged as being substantially true and correct were: (1) he was guilty of burglary as charged, and (2) he had two prior felony convictions that would qualify him for habitual status. While Wilkins now asserts that he was innocent, the trial court is entitled to place great faith in the validity of sworn statements he made during the plea hearing. See Harris v. State, 822 So.2d 1129, 1131 (¶ 4) (Miss.Ct.App.2002). Therefore, this claim is without merit.
¶ 9. Wilkins also asserts that his counsel was ineffective because he failed to object to the disparity between his sentence and the sentence imposed upon Wilkins’s co-defendant. Wilkins was sentenced as a habitual offender to seventeen and a half years in the custody of the MDOC, while his co-defendant, Dickey, who had three prior convictions, was sentenced on March 9, 2007, as a non-habitual offender to twenty years with fifteen years suspended. Wilkins contends that his counsel informed him that if he signed the plea petition, then he would object to the sentence recommended by the State on the basis that Dickey had received only five years to serve the same offense. Wilkins claims that had he known his counsel was not going to object to the disparity between the sentences, he would not have pled guilty. However, this assertion would seem to be belied by the transcript of the plea hearing. In that hearing, the trial court informed Wilkins that: (1) the plea petition indicated that he was to plea as a habitual offender; (2) he would have to serve the full sentence imposed without any entitlement to' early release or sentence reduction; (3) the plea petition indi *24 cated that the State recommended a sentence of seventeen and a half years; and (4) if Wilkins’s guilty plea were accepted, the trial court would sentence him to seventeen and a half years, “no more, no less.”
¶ 10. The trial court then inquired whether knowing those facts Wilkins still desired to enter his plea of guilty, to which he responded in the affirmative. Where the trial court has made clear to a defendant that it intends to impose a sentence which does not deviate from the plea agreement, and then allows the defendant to determine whether he wishes to complete the agreement, this Court will not find that counsel was ineffective for not contesting the agreement. See Gonzales v. State, 915 So.2d 1108 (¶ 4) (Miss.Ct.App.2005).
¶ 11. Additionally, during the plea colloquy, it must be noted that Wilkins swore that: (1) he was satisfied with his attorney’s service, and (2) there was no promise of a lighter sentence or any other inducement for his guilty plea. This Court is entitled to place greater weight upon the sworn testimony provided by a defendant in a plea hearing than that subsequently provided by him in a proceeding for post-conviction relief. See Harris, 822 So.2d at 1131 (¶ 4). Wilkins’s sentence was within the statutory sentencing guidelines; thus, it was not illegal. This claim is without merit.
II. Illegal Sentence
¶ 12. Wilkins argues that his sentence is unconstitutional because of the disparity between his sentence and his co-defendant’s sentence. Wilkins was sentenced to seventeen and a half years for burglary as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81. However, Dickey, who had three prior convictions, was sentenced to twenty years with fifteen years suspended for burglary, but not as a habitual offender.
¶ 13. This issue is procedurally barred because Wilkins did not present it to the trial court. See Gilmore v. State, 772 So.2d 1095, 1098 (¶8) (Miss.Ct.App.2000). However, were it not barred, this Court would find it to be without merit. In Mississippi, the law is well-settled that sentences which are within the statutory limits will generally be upheld. See Addison v. State, 957 So.2d 1039, 1041 (¶12) (Miss.Ct.App.2007). Sentencing is within the trial court’s discretion and is not subject to appellate review if the sentence is within statutory limits. Id.; See Tate v. State, 912 So.2d 919, 933 (¶ 48) (Miss.2005).
¶ 14. Under Mississippi Code Annotated section 97-17-23, the punishment for burglary of a dwelling is not less than three (3) nor more than twenty-five years in the MDOC. Wilkins’s sentence of seventeen and a half years falls within the statutory sentencing guidelines. Therefore, this issue is procedurally barred and without merit.
III. Voluntariness of Plea
¶ 15. According to Uniform Rule of Circuit and County Court, when considering whether a guilty plea was voluntarily entered, ...
3. Voluntariness. [T]he trial court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
[[Image here]]
4. Advice to the Defendant. [I]t is [also] the duty of the trial court to address the defendant personally and to *25 inquire and determine: (a) that the accused is competent to understand the nature of the charge; (b) that the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law; (c) that the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination;. if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/ her if (s)he is indigent.
¶ 16. Wilkins asserts that his guilty plea was not voluntarily, knowingly, and intelligently entered. Wilkins' alleges that the trial court did not advise him of the minimum, maximum, or mandatory sentence that he might suffer if he pled guilty to the offense of burglary of a dwelling. The record reflects that the trial court did not inform Wilkins of the minimum or maximum sentence to which a guilty plea might subject him. However, Wilkins acknowledged during the plea colloquy that trial counsel had discussed and explained the plea petition, which he signed on July 2, 2007. The plea petition set forth the minimum and maximum sentence for the offense of burglary of a dwelling. In addition, during the plea colloquy, the trial judge informed Wilkins that he was to be sentenced as a habitual offender, and as such, he would be required to serve day for day any sentence imposed, without the hope of parole, reduction, or early release. Wilkins affirmatively acknowledged that he understood this and stated he still wished to plea guilty.
¶ 17. When considering whether a guilty plea was voluntarily entered, it must be shown that:
[Tjhe defendant’s plea was not induced by fear, violence, deception, or improper inducements; the plea was voluntarily and intelligently made must appear in the record; the defendant was competent to understand the nature of the charge; the defendant understood the nature- and consequences of the plea as well as the maximum and minimum penalties provided by law; the defendant understood that by .pleading guilty he waived his constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; and if the defendant is not represented by an attorney, he has the right to be appointed an attorney to represent him if he was indigent, because he had the right to an attorney at every stage of the proceeding.
¶ 18. We find that Wilkins’s guilty plea was voluntarily, knowingly, and intelligently entered. Thus, this issue is without merit.
IV. Defective Indictment
¶ 19. Wilkins claims that the indictment was defective because the date stated as June 30, 1997, which was given as the date of conviction for one of the prior felony convictions used for enhancement, should have been May 23, 2003. Rule 11.03(1) of the Uniform Rules of Circuit and County Court states that in cases involving enhanced punishment for subsequent offenses, “[t]he indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.”
¶ 20. The purpose of an indictment is “to inform the defendant with some measure of certainty as to the nature of the charges brought against him so' that *26 he may have a reasonable opportunity to prepare an effective defense.” Moses v. State, 795 So.2d 569, 571 (¶ 13) (Miss.Ct.App.2001). The indictment shall contain “the essential facts constituting the offenses charged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06. Under Rule 7.06 of the Uniform Rules of Circuit and County Court, the failure to state the correct date in an indictment shall not render the indictment insufficient. In Benson v. State, 551 So.2d 188, 196 (Miss.1989), the Mississippi Supreme Court held that an indictment’s failure to list any date for a prior conviction was not fatal to the indictment. The court also noted that:
While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, and specifically the cause number, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhancement punishment to comply with due process.

Id.

¶ 21. The indictment stated that Wilkins was convicted on October 1, 2008, in cause number LK03-294, in the Circuit Court of Lafayette County for receiving stolen property and sentenced to serve five years in the custody of the MDOC, and he was convicted on June 30, 1997, in cause number LK03-295, in the Circuit Court of Lafayette County for taking away a motor vehicle and sentenced to five years in the custody of the MDOC. Thus, the date of June 30, 1997, was merely scrivener’s error in drafting the indictment, which did not render the indictment defective. Therefore, this issue is without merit.
V. Habitual-Offender Status
¶ 22. Wilkins argues that his prior convictions were not pi*oven by competent evidence. As noted previously, during the plea hearing, the State recited the facts that it anticipated being able to prove, including that Wilkins had two separate prior felony convictions upon which he had served at least one year, thereby qualifying him for habitual status. Under oath Wilkins admitted that the State’s factual representation was correct, and he acknowledged that he met the definition of a habitual offender.
¶ 23. Generally, to sentence a defendant as a habitual offender, the State must prove the prior offenses by competent evidence, and the defendant must be given a reasonable opportunity to challenge the prosecution’s proof. Madden v. State, 991 So.2d 1231, 1236 (¶20) (Miss.Ct.App.2008); See Keyes v. State, 549 So.2d 949, 951 (Miss.1989). However, where the defendant enters a plea of guilty and admits those facts which establish his habitual status, the State has met its burden of proof. See Evans v. State, 988 So.2d 404, 405-06 (¶ 10) (Miss.Ct.App.2008); see also Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989).
¶ 24. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., *27 CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.