MYERS, J.,
for the Court:
¶ 1. Timothy Nash Loden filed a motion for post-conviction relief (PCR) in the Prentiss County Circuit Court, which the trial court denied as a successive writ and as time-barred. Finding no error, we affirm.
FACTS
¶ 2. In December 1997, Loden was indicted by a Prentiss County grand jury for capital murder in the killing of Joey Pan-nell. Loden was also indicted as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). On July 1, 1999, Loden pleaded guilty in the Prentiss County Circuit Court as a habitual offender to the charge of capital murder. Loden was sentenced to life in the custody of the Mississippi Department of Corrections without eligibility of probation or parole.
¶3. On May 10, 2001, Loden filed his first PCR motion, in which he claimed that his guilty plea was involuntary and that he had received ineffective assistance of counsel. The trial court denied the relief sought, and this Court affirmed the trial court’s decision on April 30, 2002. Loden v. State, 818 So.2d 367 (Miss.Ct.App.2002).
¶ 4. On January 8, 2010, Loden filed another PCR motion, which is the subject of the instant appeal, in which he claimed that the trial court had failed to conduct a bifurcated hearing with regard to his habitual-offender status, calling into question the validity of his sentence. The trial court denied the PCR motion, and this appeal followed.
STANDARD OF REVIEW
¶ 5. “When reviewing the trial court’s decision to deny a PCR motion, we will not disturb the lower court’s factual findings unless they are found to be clearly erroneous.” Amos v. State, 44 So.3d 1058, 1059 (¶ 8) (Miss.Ct.App.2010) (citing Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008)). We review questions of law de novo. Id.
DISCUSSION
¶ 6. An order denying a motion for post-conviction relief is considered a final *29 judgment and a bar to a second or successive motion. Miss.Code Ann. § 99-39-23(6) (Supp.2010). A prisoner, however, may file a successive writ if the argument presented within that writ falls under one of the exceptions provided in section 99-39-23, has not been previously argued, and has not resulted in a circuit court’s decision rendered on the merits. Stone v. State, 872 So.2d 87, 89 (¶ 13) (Miss.Ct.App.2004).
¶ 7. Loden bears the burden of proving that he satisfied at least one of the exceptions to the successive-writ bar. Carbin v. State, 942 So.2d 231, 233 (¶9) (Miss.Ct. App.2006). Loden also has to demonstrate that, even if he satisfied an exception, the trial court had not previously entered a decision on the merits of those claims. See Stone, 872 So.2d at 89 (¶ 13).
¶ 8. Loden fails to meet his burden. The Mississippi Supreme Court held in Keyes v. State, 549 So.2d 949, 951 (Miss.1989), that a petitioner’s status as a habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing. The Keyes court stated:
Under these circumstances, we find beyond peradventure that Keyes’[s] status as [a] habitual offender was established at the time his sentences were imposed. That this was done at the same hearing where his guilty plea was accepted rather than at a separate hearing is of no moment. The cases upon which Keyes relies ... all involve the situation where an offender has been found guilty before a jury and thereafter a separate non-jury hearing is held on the question of habitual[-]offender status. Those cases hardly stand for the proposition that a separate habitual[-]offender hearing must be held upon a guilty plea. Indeed, this would be the ultimate in exalting form over substance.
Id. (internal citations omitted).
¶ 9. According to the record, Loden filed with the trial court a Waiver of Jury for Trial and Sentencing, which states, in relevant part, “I hereby expressly waive my right to a jury for sentencing in this cause and hereby agree that the [trial court] may sentence me in this matter without a jury and without a sentencing hearing.” In addition to Loden’s written waiver, Lo-den’s plea petition, which he signed under oath, reflects that he knew he was being charged as a habitual offender and that he had admitted his prior criminal history, as the following portions contained in the petition illustrate:
My lawyers advise me and I understand that the elements of the charges to which I am pleading guilty are as follows:
Murder which is perpetrated by killing a human being while the defendant is engaged in the felony crime of robbery in violation of the Mississippi Code of 1972, Section 93-2-19(2)(e); all while [a] habitual offender having previously been convicted of five separate felony crimes[,] aggravated assault and four counts of uttering a forgery[,] under the provisions of Mississippi Code of 1972, Section 99-19-81.
[[Image here]]
I understand that no one can assure me of parole or early release from prison. Since I will be sentenced as [a] habitual criminal, and under the capital[-]murder statute I am charge with, to life without parole, I will not be eligible for parole or other early release....
Further, Loden’s plea colloquy reveals that the trial court queried Loden on each of the separate felony crimes, all of which were listed in his indictment.
*30 ¶ 10. Based on our review of the record, Loden’s habitual-offender status was clearly established when he entered his guilty plea. And Loden expressly waived his right to a bifurcated hearing. Successive-writ bar notwithstanding, we find no merit to Loden’s claim that the trial court failed to determine his habitual-offender status. Nor do we find any merit to the suggestion that Loden’s sentence might be invalid.
¶ 11. Loden’s PCR motion is also time-barred. Loden had three years from the entry of the judgment of conviction to file a motion for post-conviction relief. Miss.Code Ann. § 99-39-5(2) (Supp.2010). The entry of judgment in this matter occurred on July 1, 1999, and his PCR motion was filed on January 8, 2010. Accordingly, his PCR motion was filed untimely.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PREN-TISS COUNTY.
LEE, C.J., IRVING and GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.