MAXWELL, J.,
for the Court:
¶ 1. Aundrey Hill appeals the denial of post-conviction relief (PCR) from his 2008 guilty plea to possessing stolen property and his sentence as a habitual offender. His challenge focuses on the sufficiency with which his qualifying convictions were pled in the habitual-offender portion of his indictment. After review, we find his challenge fails for both procedural and substantive reasons. First, his post-conviction attack is barred since it is untimely and subsequent to an earlier PCR motion. And second, while his indictment did not list the judgment dates of his prior convictions, the convictions were sufficiently pled to give notice of the predicate convictions relied on to support a habitual-offender sentence. We thus affirm.
Facts and Procedural History
¶2. On March 8, 2008, a grand jury charged Hill with possessing stolen property. The indictment, which charged Hill as a habitual offender, listed five prior felony convictions. On December 4, 2008, Hill pled guilty to the stolen-property charge and was sentenced as a habitual offender to serve ten years, with five years suspended — the specific sentence he and the State had negotiated.[1]
¶ 3. On March 18, 2011, Hill filed a PCR motion seeking to vacate the habitual-offender portion of his sentence, which the circuit judge summarily dismissed. While Hill opted not to appeal the dismissal, over a year later, he filed a pro se motion for leave to file a PCR motion in the trial court. And on July 26, 2012, the Mississippi Supreme Court entered an order dismissing Hill’s motion.
¶ 4. Though he had no authority to do so, on August 8, 2012, Hill filed a second PCR motion, which the circuit judge dismissed as time-barred and successive-writ barred. Hill appealed.
Discussion
¶ 5. “We review the dismissal of a PCR motion under an abuse-of-discretion standard.” Williams v. State, 110 So.3d 840, 842 (¶ 11) (Miss.Ct.App.2013). Reversal is proper only “if the circuit court’s decision was clearly erroneous.” Id. “We review questions of law de novo.” Id.
I. Time-Bar
¶ 6. While Hill insists his second PCR motion was timely, we disagree. When a defendant challenges his or her indictment after a guilty plea, the PCR motion must be filed within three years of entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Supp.2013). Hill pled guilty on December 4, 2008, and the court entered the judgment of conviction that day. Because Hill waited over three years before filing his August 3, 2012 PCR challenge, the PCR motion was properly dismissed as time-barred.
II. Successive-Writ Bar
¶7. We also find Hill’s present PCR motion was properly dismissed as a successive writ. Under Mississippi Code Annotated section 99-39-23(6) (Supp.2013), an order dismissing or denying a PCR motion is a final judgment that bars a *1072 second or successive PCR motion. And here, Hill filed his recent PCR challenge after the circuit judge had already dismissed Hill’s first PCR motion on April 15, 2011. So Hill’s PCR attack is also subsequent-writ barred.
III. Defective Indictment
¶ 8. Dispositive procedural snags aside, we find Hill’s PCR challenge to his indictment also fails on substantive grounds. We acknowledge that an indictment should list “the date of judgments” of prior convictions relied on to support a habitual-offender sentence.[2] But the mere omission of the judgment dates of prior qualifying convictions does not necessarily render a habitual-offender charge fatally defective. Indeed, the central concern is not technical pleading, but instead the sufficiency of notice.
¶ 9. Both our supreme court and this court have upheld habitual-offender sentences where the indictment failed to strictly comply with Uniform Rule of Circuit and County Court 11.03’s requirement of listing judgment dates of predicate offenses. In Benson v. State, 551 So.2d 188, 196 (Miss.1989), the supreme court upheld a habitual-offender sentence where the indictment lacked prior judgment dates but listed the jurisdictions where the convictions were obtained and described the defendant’s prior offenses, identifying cause numbers and sentences for each offense. While the dates of the judgments were “not specifically stated in the indictment,” the other information, particularly “the cause number, afforded the defendant access to the date of the judgment.” Id. The omissions in Benson were not fatal because “information pertaining to the date of the judgment was substantially set forth in the indictment and ... sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process.” Id.
¶ 10. This court recently reached a similar result where judgment dates were omitted from an indictment but the remaining information gave sufficient notice of prior convictions supporting a habitual-offender charge. See Mitchell v. State, 58 So.3d 59, 61 (¶ 10) (Miss.Ct.App.2011) (indictment is not fatally defective for failure to include judgment dates where other information describing predicate offenses is sufficiently specific to identify judgment dates for purposes of enhanced sentence); see also Thomas v. State, 99 So.3d 1169, 1173 (¶ 14) (Miss.Ct.App.2012). Here, Hill’s indictment described five prior felony convictions.[3] The adjudicating court' is *1073 listed for all five convictions. For four of the five listed felonies, the indictment specified the nature of the crimes—a conviction for sale of a controlled substance, two grand-larceny convictions, and one conviction for food-stamp fraud. The cause number and specific sentence were given for the first three underlying crimes. And the fourth and fifth cited convictions generally mention their related sentences.
¶ 11. After review, we find the indictment sufficiently described the prior convictions—only two of which were necessary—to put Hill on notice of, and afford him access to, the dates of his prior convictions. See Miss.Code Ann. § 99-19-81. Thus, his indictment was not defective.
IV. Bifurcated Hearing and Summary Dismissal of PCR Motion
¶ 12. Hill also suggests the circuit court’s failure to conduct a bifurcated hearing about his prior convictions under Rule 11.03(2)-(3) requires his guilty plea and sentence be vacated. We disagree. This court has previously held that a “petitioner’s status as a habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing.” Loden v. State, 58 So.3d 27, 29 (¶ 8) (Miss.Ct.App.2011) (citing Keyes v. State, 549 So.2d 949, 951 (Miss.1989)). At the plea hearing, the judge mentioned the indictment’s recitation of Hill’s prior convictions and asked Hill if he understood he was charged as a habitual offender and would receive an enhanced “day-for-day” sentence. And Hill maintained that he understood he faced an enhanced sentence.
¶ 13. After review, we find a bifurcated sentencing hearing was unnecessary where Hill failed to challenge the predicate convictions when they were mentioned during his guilty plea. Further undermining his PCR challenge to his sentence is the fact his negotiated sentence was in line with the State’s agreed recommendation, and was only half of the ten-year mandatory sentence that is required by statute.[4]
¶ 14. Because it was apparent from the face of Hill’s PCR motion that it was time-barred, successive-writ barred, and without merit, no hearing was necessary. See Miss.Code Ann. § 99-39-11(2) (Supp.2013). We affirm.
¶ 15. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J„ CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. A defendant convicted as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), as Hill was here, "shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.” Here, the underlying felony— possession of more than $500 worth of stolen property — has a ten-year statutory maximum sentence. See Miss.Code Ann. § 97-17-70(4) (Supp.2013). So the circuit judge was required to sentence Hill to ten years' imprisonment, not five. But we need not address this issue because neither side has raised the mandatory nature of the sentence.

. Under Uniform Rule of Circuit and County Court 11.03(1), in cases involving enhanced punishment for subsequent offenses, the indictment must particularly allege “the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment." (Emphasis added).

. Those convictions were:
(1)[Hill] was convicted in the Circuit Court of Lafayette County, Mississippi, of the felony crime of sale of a controlled substance in cause number LK93-236 and was sentenced to serve a term of five (5) years[’] imprisonment;
(2) [Hill] was convicted in the Circuit Court of Lafayette County, Mississippi, of the felony crime of grand larceny in cause number LKO-122 and was sentenced to serve a term of ten (10) years[’] imprisonment with five (5) years suspended and two (2) years[’] post[-]release supervision;
(3) [Hill] was convicted in the Circuit Court of Lafayette County, Mississippi, of the felony crime of grand larceny in cause number LKO-122 and was sentenced to serve a term of ten (10) years[’] imprisonment with five (5) years suspended and two (2) yearsf] post[-]release supervision;
(4) [Hill] was convicted in the Circuit Court of Pontotoc County, Mississippi, of a felo *1073 ny crime and served concurrent penitentiary time with the sentences detailed in subparagraphs 2 and 3 above;
(5) [Hill] was convicted in the United States District Court for [the] Northern District of Mississippi, of the felony crime of food[-]stamp fraud and served more than a one (1) year term of imprisonment for this crime[.]

. Additionally, Hill’s guilty-plea petition states; "I have not previously been convicted of any felony, exceptf:] ... see the continnation [sic] of the indictment." He also wrote that it was his understanding that the district attorney would recommend to the court that he receive "10 years, 5 suspended with 5 to serve habitual time, 2 years[’] supervised release thereafter.” (Emphasis added).