# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00166-COA

**CLYZELL SMITH A/K/A CLYZELL E. SMITH, JR.**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:                01/02/2019
TRIAL JUDGE:                     HON. ROGER T. CLARK
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      CLYZELL SMITH (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 03/10/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1.    In November 2013, Clyzell Smith was indicted for possession of cocaine with the intent to distribute (Count I) and possession of marijuana with the intent to distribute (Count II). He was indicted as both a second or subsequent drug offender, Miss. Code Ann. § 41-29-147 (Rev. 2018), and a nonviolent habitual offender, Miss. Code Ann. § 99-19-81 (Rev. 2015). In September 2014, Smith pled guilty to Count I as a habitual offender, and the circuit court sentenced him to serve fifteen years in the custody of the Department of Corrections as a habitual offender. Count II was passed to the files.

¶2. In November 2018, Smith filed a motion for post-conviction relief (PCR) in the circuit court. He alleged that his sentence was "illegal" because he had been denied a "bifurcated hearing" on his habitual offender status and because his prior convictions did not satisfy the requirements of the habitual offender statute. The circuit court denied Smith's PCR motion after concluding that Smith's claims were time-barred and without merit. Smith filed a notice of appeal. We find no error and affirm.

**ANALYSIS**

¶3. As the circuit court noted, Smith's PCR motion was not filed within the three-year statute of limitations period of the Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. § 99-39-5(2) (Supp. 2015). However, Smith alleges that his habitual offender sentence is illegal. An "illegal sentence" is a judicially created exception to the UPCCRA's statute of limitations. *See*, *e.g.*, *Small v. State*, 141 So. 3d 61, 66 (¶13) (Miss. Ct. App. 2014). Therefore, we will address the merits of Smith's claim. For the reasons explained below, Smith's sentence is not illegal.

¶4. Smith's claim that he was entitled to a "bifurcated hearing" on his habitual offender status is without merit. "This [C]ourt has previously held that a 'petitioner's status as a habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing.'" *Hill v. State*, 132 So. 3d 1069, 1073 (¶12) (Miss. Ct. App. 2014) (quoting *Loden v. State*, 58 So. 3d 27, 29 (¶8) (Miss. Ct. App. 2011)); *accord*, *e.g.*, *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989).

¶5. Smith also argues that his habitual offender sentence is illegal because he "was

2

sentenced on House Arrest for one (1) of [his] prior charges, not confine[d] [for] one year or more." Smith's argument relates to his 2009 conviction, following a guilty plea, for possession of a controlled substance. On that charge, Smith was sentenced to serve eight years in the custody of the Department of Corrections with seven years suspended, one year of house arrest, and three years of post-release supervision.

¶6. Section 99-19-81 provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times *and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution*, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (emphasis added). Applying this statute, our Supreme Court has held that whether the defendant "actually served time in prison for . . . prior offenses is irrelevant." *Thomas v. State*, 247 So. 3d 1252, 1258 (¶15) (Miss. 2018). "The statute is satisfied where the defendant was twice previously convicted of separate felonies and a sentence of one or more years was pronounced, *regardless of subsequent probation or suspension of sentence*." *Nathan v. State*, 142 So. 3d 1094, 1097 (¶10) (Miss. Ct. App. 2013) (emphasis added) (citing *Weaver v. State*, 497 So. 2d 1089, 1096 (Miss. 1986); *Jackson v. State*, 381 So. 2d 1040, 1042 (Miss. 1980)); *accord Davis v. State*, 5 So. 3d 435, 441 (¶14) & n.4 (Miss. Ct. App. 2008).

¶7. Thus, Smith's argument in this case is without merit. As stated above, the circuit

3

court pronounced a seven-year suspended sentence on Smith's 2009 conviction for possession of a controlled substance. That sentence satisfies the requirements of section 99-19-81 regardless of how much time Smith had actually served on it.

¶8.     Because Smith's arguments are without merit, the circuit court's order denying Smith's PCR motion is **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**