# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00538-COA

**FORGARY SMITH**                                             **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/12/2023 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | FORGARY SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/14/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1. In March 2023, Forgary Smith filed a "Motion to Set Aside and Vacate Illegal Sentence" in the Madison County Circuit Court. He had pled guilty on June 29, 2022, to a charge of possession of marijuana with intent to sell, and he was sentenced as a non-violent habitual offender to fifteen years in the custody of the Mississippi Department of Corrections but ordered to be released after serving nine years without eligibility for parole or early release. Smith filed a motion for post-conviction collateral relief (PCR) challenging the court's use of the habitual offender statute in sentencing him. The circuit court denied Smith's PCR motion, and he appeals, arguing that he was entitled to a bifurcated hearing at sentencing and that there was insufficient proof of his prior convictions to warrant his

habitual offender sentence. Finding no merit to Smith's arguments, we affirm the circuit court's opinion and order denying his PCR motion.

## Facts

¶2. Smith was indicted on December 3, 2021. In Count I, he was charged with possession of marijuana with intent to sell in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2018).[1] In addition, because he possessed a firearm at the time of his offense, he was subject to enhanced punishment under Mississippi Code Annotated section 41-29-152 (Rev. 2018).[2] The indictment also charged that Smith was subject to an enhanced penalty because Smith's offense occurred within 1,500 feet of a church. In Count II, Smith was separately charged with possession of a firearm by a felon in violation of Mississippi Code Annotated section 97-37-5 (Supp. 2021).[3] Exhibit A to the indictment also charged Smith with further

---

[1] Among other things, Mississippi Code Annotated section 41-29-139(a)(1) makes it "unlawful for any person knowingly or intentionally" to "sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance."

[2] Mississippi Code Annotated section 41-29-152(1) provides:

Any person who violates . . . Section 41-29-139 with reference to a controlled substance . . . and has in his possession any firearm, either at the time of the commission of the offense or at the time any arrest is made, may be punished by a fine up to twice that authorized by Section 41-29-139 . . . or by a term of imprisonment or confinement up to twice that authorized by Section 41-29-139 . . . , or both.

[3] Mississippi Code Annotated section 97-37-5 provides:

(1) It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm . . . .
(2) Any person violating this section shall be guilty of a felony and, upon

enhancement under the habitual offender statute because Smith had been previously convicted of two felonies.[4] These included a January 8, 2018 conviction and multi-year sentence imposed by the Rankin County Circuit Court for Smith's felony possession of controlled substances, and an April 3, 2014 conviction and twenty-month sentence imposed by the Geary County District Court in Kansas for his possession of a hallucinogenic drug.

¶3.     Smith was provided court-appointed counsel and trial was set for August 1, 2022. After engaging in pre-trial discovery, on June 23, 2022, Smith filed a petition to enter a guilty plea.    In his petition, he said he understood the charges against him and that he was considered a non-violent habitual offender because he had "twice been convicted upon separate charges brought and arising out of separate incidents at different times and has been sentenced to separate terms of one year or more in a state penal institute." The petition went on to state the details of each conviction.  The details were repeated in a separate paragraph,

---

conviction thereof, shall be fined not more than Five Thousand Dollars ($5,000.00), or committed to the custody of the State Department of Corrections for not less than one (1) year nor more than ten (10) years, or both.

[4] The habitual offender statute here, Mississippi Code Annotated section 99-19-81 (Rev. 2020), provides:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

which began, "I wish to plead guilty and request the court to accept my plea of guilty. . . ."

¶4. On June 27, 2022, Smith appeared with his attorney before the circuit court to consider Smith's petition to plead guilty. The court questioned Smith to determine that Smith was knowingly and voluntarily pleading guilty to the crimes charged. During the hearing, the State outlined the factual basis for the indictment, including Smith's prior criminal convictions and sentences named in the indictment and the plea petition. When asked if he had any disagreement with the State's recitation of the factual basis, Smith ultimately replied that he did not. After finding Smith had freely, voluntarily, knowingly, and intelligently pled guilty to Count I, the court proceeded to sentencing. The State moved to nolle prosequi Count II and recommended a sentence of fifteen years, with nine years to be served without parole eligibility for Count I, along with fines and costs. The court accepted the recommendation and sentenced Smith accordingly.

¶5. On March 6, 2023, Smith filed his PCR motion in the Madison County Circuit Court. Smith contended that he was not a habitual offender as alleged in his indictment because he was sentenced in Kansas to only four years of probation, which he successfully completed. He claimed that he "never served a day inside [the] Kansas Department of Corrections." Other than swearing to the correctness of the allegations in his motion, Smith provided no documentation or paperwork concerning the Kansas conviction or any other affidavit to the circuit court to support his allegations.

¶6. The circuit court ordered that Smith's guilty plea hearing be transcribed and filed in his criminal file record. The State filed no response to Smith's motion. After reviewing the

4

criminal file and plea transcript, the circuit court entered an opinion and order finding that Smith's motion on its face had no merit. The court noted that the non-violent habitual offender statute (section 99-18-81) contained no requirement that the State demonstrate the defendant *served* terms in prison in excess of one year. All that is required is a demonstration that the defendant was *sentenced* to terms in excess of one year, citing *Freeman v. State*, 294 So. 3d 1245 (Miss. Ct. App. 2020). The court also noted that during his plea hearing, Smith admitted that he had two prior felonies for which he was sentenced to twenty years and twenty months in custody, respectively.

¶7.    Smith appealed the circuit court's ruling, and on appeal, he raises a slightly different argument, challenging whether the State failed to prove that he was a habitual offender by competent evidence and whether he was entitled to a bifurcated hearing on his habitual offender status. The State responds that because these issues were not presented to the trial court, they are procedurally barred, but that Smith's arguments alternatively have no merit.

**Standard of Review**

¶8.    Mississippi Code Annotated section 99-39-11(2) (Rev. 2020) provides that a circuit court may dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." We will not reverse a trial court's denial of a PCR motion unless we find that the decision was clearly erroneous or a legal error occurred. *Hopson v. State*, 300 So. 3d 1063, 1065 (¶4) (Miss. Ct. App. 2020). Issues of law are reviewed de novo. *Id*. (citing *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005)).

## Discussion

### I. Whether the issues of a bifurcated hearing and the sufficiency of proof of habitual offender status are procedurally barred.

¶9. "Issues not raised in a motion for post-conviction relief are procedurally barred on appeal." *Rutledge v. State*, 359 So. 3d 668, 669 (¶4) (Miss. Ct. App. 2023) (quoting *Smith v. State*, 973 So. 2d 1003, 1006 (¶6) (Miss. Ct. App. 2007)). In *Rutledge*, the petitioner alleged several bases for relief in his PCR motion, including the involuntariness of his plea, the ineffective performance of his attorney, and the court's denial of a mental evaluation. *Id*. at (¶3). However, on appeal he did not address any of those issues and, instead, challenged the validity of a prior 2015 burglary conviction. *Id*. at (¶4). Because this issue was raised for the first time on appeal, we found Rutledge's claim was procedurally barred. *Id*.

¶10. New arguments are considered new issues that can be procedurally barred if not presented to the trial court. *Bland v. State*, 312 So. 3d 417, 419 (¶12) (Miss. Ct. App. 2021) ("[O]ur review is strictly limited to those arguments contained in the appellant's petition unless the argument affects his fundamental rights."). "Precedent mandates that this Court not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs." *Mitchell v. Miss. Dep't of Emp. Sec.*, 348 So. 3d 1030, 1034 (¶13) (Miss. Ct. App. 2022).

¶11. Often notwithstanding the procedural bar, we have discussed and decided an issue raised on appeal that had not been raised in the PCR motion or the trial court. For example, in *Smith*, 973 So 2d at 1006 (¶7), the petitioner challenged the court's failure to follow the

6

State's sentencing recommendation. But he did not raise this issue before the trial court, and we held that it was procedurally barred from consideration on appeal. *Id*. However, we discussed the issue and further held that the trial judge was not bound by the terms of the plea agreement but had the discretion to impose the sentence the judge chose. *Id*. at (¶9); *see also Stamps v. State*, 151 So. 3d 248, 255 (¶21) (Miss. Ct. App. 2014) (stating that a petitioner who pleaded guilty is procedurally barred from raising his right to a speedy trial when he failed to raise the issue in his PCR motion yet, procedural bar notwithstanding, holding that "[a valid] guilty plea waives all non-jurisdictional rights or defects, including the right to a speedy trial").

¶12.    In the PCR motion in this case, Smith argued to the circuit court that he was sentenced in Kansas to four years of probation, not twenty months to serve in the custody of the Kansas Department of Corrections. On appeal, Smith now raises a different argument: that the State failed to submit sufficient evidence of his Kansas conviction. He also adds for the first time the issue of his entitlement to a bifurcated hearing on his habitual status. Smith offers no reason why he did not raise this new argument or new issue in his PCR motion. In *Brown v. State*, 306 So. 3d 719, 730 (¶19) (Miss. 2020), where Brown argued on the appeal of the denial of his PCR motion that the State had knowingly used false testimony against him, we noted that Brown had made no attempt to explain why that issue could not have been raised in the initial post-conviction proceedings. Accordingly, we found Brown's claim had been waived and was barred. *Id*. Similarly, in this case, Smith did not raise the adequacy of the State's proof of his convictions or his entitlement to a bifurcated hearing before the trial court

in his PCR motion. Accordingly, these issues are procedurally barred on appeal. Nevertheless, the law is clear on both issues, and we will address the merits of each.

**II.      Whether Smith was entitled to a bifurcated hearing, and whether the proof of Smith's prior convictions was adequate.**

*A.      Bifurcated Hearing*

¶13.     In this case, Smith pled guilty, and under Mississippi law, he is not entitled to a separate or bifurcated hearing on his habitual offender status. *Smith v. State*, 291 So. 3d 1140, 1141 (¶4) (Miss. Ct. App. 2020). The defendant in that case (Clyzell Smith) was indicted as a habitual offender for possession of cocaine and marijuana with intent to distribute. *Id*. at (¶1). He later pled guilty as a habitual offender. *Id.* He subsequently filed a PCR motion claiming that his sentence was illegal because he was denied a bifurcated hearing. *Id*. at (¶2). We affirmed the circuit court's denial of his PCR motion on that issue, stating:

> Smith's claim that he was entitled to a "bifurcated hearing" on his habitual offender status is without merit. "This [C]ourt has previously held that a 'petitioner's status as a habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing.'" *Hill v. State*, 132 So. 3d 1069, 1073 (¶12) (Miss. Ct. App. 2014) (quoting *Loden v. State*, 58 So. 3d 27, 29 (¶8) (Miss. Ct. App. 2011)); *accord, e.g.*, *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989).

*Id*. at 1141 (¶4).

¶14.     Similarly, in *Loden*, 58 So. 3d at 28 (¶2), Loden was indicted as a habitual offender for killing Joe Pannell. Loden later pled guilty and was sentenced as a habitual offender to life imprisonment without eligibility for parole. *Id*. In his second PCR motion, Loden claimed that the court had failed to conduct a bifurcated hearing with regard to his habitual

8

offender status. *Id*. at (¶4). We rejected that argument and quoted the Mississippi Supreme

Court in *Keyes*:

> Under these circumstances, we find beyond peradventure that Keyes'[s] status as [a] habitual offender was established at the time his sentences were imposed. That this was done at the same hearing where his guilty plea was accepted rather than at a separate hearing is of no moment. The cases upon which Keyes relies . . . all involve the situation where an offender has been found guilty before a jury and thereafter a separate non-jury hearing is held on the question of habitual[-]offender status. Those cases hardly stand for the proposition that a separate habitual[-]offender hearing must be held upon a guilty plea. Indeed, this would be the ultimate in exalting form over substance.

*Loden*, 58 So. 3d at 29 (¶8) (quoting *Keyes*, 549 So. 2d at 951).

¶15.     In the case now before us, Smith pled guilty and he was sentenced at his plea hearing.

Under *Smith*, *Loden*, and other cases cited above, the court was not required to hold a

bifurcated hearing on his habitual offender status. The case Smith cites in support of his

argument for a bifurcated hearing, *Hull v. State*, 174 So. 3d 887 (Miss. Ct. App. 2015), is

inapplicable because in that case, Hull was found guilty of depraved heart murder by a jury

and thereafter was given a separate sentencing hearing. *Id*. at 900 (¶42). But such precedent

was rejected in *Keyes* when the defendant pled guilty as Smith did in this case. *Keyes*, 549

So. 2d at 951.

### B.     Sufficiency of Proof of Prior Convictions

¶16.     Smith next argues that the State failed to submit sufficient proof of his habitual

offender status. Smith contends that the State did not enter certified copies of his prior

convictions and that, in his plea hearing, he never admitted he was guilty of his two prior

convictions. Smith is correct that the State did not enter copies of his prior convictions.

9

However, the State did not need to because Smith admitted in his plea petition and at the hearing that he was convicted of both crimes. We hold that such proof is sufficient to establish Smith's habitual offender status.

¶17. The record reflects that Smith signed, under oath, a petition to enter a guilty plea, in which he stated twice that he was convicted in Rankin County where he was sentenced to twenty years, and that he was convicted and sentenced to twenty months in Kansas. In *Loden*, 58 So. 3d at 29 (¶9), we noted the importance of the contents of a plea petition on the issue of proving habitual offender status, stating:

> In addition to Loden's written waiver, Loden's plea petition, which he signed under oath, reflects that he knew he was being charged as a habitual offender and that he had admitted his prior criminal history[.]

In this case, at his plea hearing, Smith said that he had read the plea petition and that he understood its contents. He also told the court that everything in it was true. Just like the defendant in *Loden*, Smith admitted to his prior criminal history.

¶18. Further, at the hearing, the State recited the factual basis for Smith's habitual status, detailing the charges and sentences in both the Rankin County and Kansas convictions. The court asked Smith if he had any disagreement with these facts. At first he said he did because he did not understand all the legal language, but then the court asked Smith whether he disagreed with the facts the State recited:

> The Court: Well, here's my question though. Do you have any disagreement with what she said? That's my question.
>
> Smith: No, sir, your Honor.

As we noted in *Wilkins v. State*, 57 So. 3d 19, 23 (¶8) (Miss. Ct. App. 2010), "the trial court

10

is entitled to place great faith in the validity of sworn statements he made during the plea hearing." The *Wilkins* facts are similar to the case at hand. There Wilkins challenged the sufficiency of the evidence presented to establish his habitual offender status. *Id*. at 26 (¶22). We noted that during the plea hearing,

> the State recited the facts that it anticipated being able to prove, including that Wilkins had two separate prior felony convictions upon which he had served at least one year, thereby qualifying him for habitual status. Under oath Wilkins admitted that the State's factual representation was correct, and he acknowledged that he met the definition of a habitual offender.

*Id*. We held that "where the defendant enters a plea of guilty and admits those facts which establish his habitual status, the State has met its burden of proof." *Id*. at 26 (¶23) (citing *Evans v. State*, 988 So. 2d 404, 405-06 (¶10) (Miss. Ct. App. 2008)). Similarly, in this case, Smith's admissions of his prior convictions at his plea hearing, along with his admission of his criminal history in his sworn plea petition, was sufficient proof to establish his habitual offender's status.[5]

**Conclusion**

¶19.    Smith is procedurally barred from raising his issues on appeal because they were not presented to the circuit court. Notwithstanding the bar, we hold that Smith was not entitled

---

[5] We note that Smith attached a document concerning his Kansas conviction to his brief to this Court. He does not reference it in his argument, but we assume he is claiming that it is supportive. This document was not presented to the trial court, and our review is limited to the record before the trial court. *Myers v. State*, 145 So. 3d 1143, 1152 (¶23) (Miss. 2014) ("'We take a case on appeal as it comes to us in the record, and receive no new evidence.'" (citing *McGee v. State*, 40 So. 2d 160, 165 (Miss. 1949) (quoting *Pac. R. Co. of Mo. v. Ketchum*, 101 U.S. 289, 296 (1879)))). Accordingly, we will not consider it. However, we further note that the Kansas conviction information in that document reflects that Smith was sentenced by that court to twenty months for his crime.

to a bifurcated hearing and that the State presented sufficient proof to establish his habitual offender status.

¶20.  **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**