BARNES, J.,
 

 for the Court:
 

 ¶ 1. Shelby Wayne Parham appeals from the order of the Circuit Court of Clay County dismissing his motion for post-conviction relief without the necessity of a hearing. The court found no merit to Parham’s issue that he was illegally indicted as a habitual offender as his indictment was amended subsequent to his case being brought before the grand jury.
 

 ¶ 2. We also find that Parham’s motion was time-barred. We affirm the judgment of the circuit court.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. In April 2004, Parham was indicted for seven separate charges, including one of false pretense, five counts of uttering a forgery, and one count of fraudulent use of identity to obtain a thing of value.
 

 ¶ 4. On October 5, 2004, Parham agreed to plead guilty as a habitual offender to one count of uttering a forgery, and the State agreed to dismiss the other charges. Prior to the guilty plea, the State moved to amend the indictment to charge Parham under Mississippi Code Annotated section 99-19-81 (Rev.2000). The State had previously moved to amend the indictment to charge Parham under Mississippi Code Annotated section 99-19-83 (Rev.2000), but the motion had not been brought to a hearing, and no order had been issued. The second motion to amend was joined by Parham, and his counsel stated on record that he had no objection. Parham’s counsel also stated on the record that there was no dispute as to the authenticity of the prior convictions, which were the basis of the motion to amend. The motion to amend was granted prior to the guilty plea hearing.
 

 ¶ 5. Parham entered his guilty plea and was sentenced to ten years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. The sentence was ordered to run consecutively to any other sentence that Parham was currently serving.
 

 ¶ 6. On April 29, 2009, Parham filed a motion for post-conviction relief, arguing that the State illegally amended the indictment to charge him as a habitual offender, deprived him of due process of law, created plain error not subject to the three-year period of limitations, and imposed the sentence as a habitual offender without the approval of a jury.
 

 ¶ 7. The circuit court dismissed Par-ham’s motion for post-conviction relief finding that the allegations were without merit. The court found that as a part of the plea bargain agreement Parham was allowed to plead guilty to the “lesser” habitual-offender statute, section 99-19-81, “an agreement to which all parties consented.”
 

 DISCUSSION
 

 ¶ 8. Mississippi Code Annotated section 99-39-5(2) (Supp.2009) provides for a three-year statute of limitation “after the entry of judgment or conviction.” One of the exceptions to this statute of limitations is “those cases in which the prisoner can demonstrate ... [tjhat there has been an intervening decision of the Supreme Court or either the State of Mississippi or the United States which would have actually affected the outcome of his conviction or sentence....”
 

 
 *869
 
 ¶ 9. Parham was sentenced in 2004, and the motion for post-conviction relief was filed in 2009, at least five years after his sentencing occurred.
 

 ¶ 10. Parham asserts that
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) are intervening cases. His claims are without merit. Both cases were decided prior to his guilty plea and sentencing; the holdings in these cases are not applicable to Parham’s case. Thus, the statute of limitations should be applied, and Parham’s motion should have been found to be time-barred.
 

 ¶ 11. Turning to the merits of the appeal, we again find no merit to Parham’s claims. Parham argues that the amendment to his indictment was illegal. Both he and his counsel agreed to the amendment and stated that the prior criminal convictions were valid.
 
 See Torrey v. State,
 
 891 So.2d 188, 195 (¶¶ 38-39) (Miss.2004) (no error found where defendant’s indictment was amended to show he was a habitual offender — defendant did not dispute prior felony sentences introduced by State and failed to show his defense was adversely affected by amendment to indictment).
 

 ¶ 12. As to Parham’s claim that the jury should have been consulted on his habitual-offender status, the Mississippi Supreme Court has held that “the constitution confers on the accused no right of trial by jury on the question of whether he is [a] habitual offender.”
 
 Keyes v. State,
 
 549 So.2d 949, 951 (Miss.1989);
 
 see also Crouch v. State,
 
 826 So.2d 772, 775 (¶ 3) (Miss.Ct.App.2002).
 

 ¶ 13. Parham’s motion for post-conviction relief is both barred by the statute of limitations and has no merit. We affirm.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.