# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00239-COA

**SHELBY RAY PARHAM A/K/A SHELBY**      **APPELLANT**
**PARHAM**

**v.**

**STATE OF MISSISSIPPI**            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/2013 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHELBY RAY PARHAM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.

### ISHEE, J., FOR THE COURT:

¶1. In 2004, Shelby Ray Parham pleaded guilty in the Clay County Circuit Court to uttering a forgery. The circuit court sentenced him as a habitual offender to ten years in the custody of the Mississippi Department of Corrections (MDOC). Parham filed a motion for post-conviction relief (PCR) in 2009. The circuit court dismissed the motion as time-barred but found that, the procedural bar notwithstanding, the issues Parham had raised were meritless. The following year, this Court affirmed the circuit court's dismissal of Parham's

PCR motion.[1] In 2012, Parham filed another PCR motion in the circuit court that was later dismissed. Aggrieved, Parham now appeals. Finding no error, we affirm.

**STATEMENT OF FACTS**

¶2. In April 2004, Parham was indicted for seven charges, including false pretense, uttering a forgery, and fraudulent use of identity to obtain a thing of value. *Parham*, 54 So. 3d at 868 (¶3). Due to Parham's past convictions, the State moved to amend the indictment to reflect Parham's status as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2000). *Parham*, 54 So. 3d at 868 (¶4). The circuit court did not take action on this motion. *Id*.

¶3. Pursuant to plea negotiations, the State later filed another motion to amend Parham's indictment to reflect his status as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2000) — a habitual-offender statute carrying less severe punishments than Mississippi Code Annotated section 99-19-83. *Parham*, 54 So. 3d at 868 (¶4). Parham joined the State's motion, and the motion was granted. *Id.* Subsequently, Parham pleaded guilty as a habitual offender to one count of uttering a forgery; the State dismissed the other six charges. *Id*.

¶4. Parham filed a PCR motion in 2009 claiming his sentence was illegal because his habitual-offender status was imposed without the approval of a jury. The circuit court dismissed the motion as time-barred. Nonetheless, the circuit court addressed Parham's assertion, and determined his claim was without merit. Parham appealed the circuit court's

---

[1] *Parham v. State*, 54 So. 3d 867, 869 (¶13) (Miss. Ct. App. 2010).

2

judgment.

¶5. In 2010, we addressed Parham's claims on appeal and affirmed the circuit court's judgment. *Id*. at 869 (¶13). Therein, we concluded that Parham's case was time-barred. *Id*. (¶10). Additionally, we held that his claim of an illegal sentence was meritless since Mississippi law does not afford an accused the right of a trial before a jury with regard to the determination of habitual-offender status. *Id*. at (¶12) (citing *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989)).

¶6. Parham later filed another PCR motion arguing the imposition of habitual-offender status was improper and his resulting sentence is illegal. The circuit court dismissed the motion as being time-barred. Parham then filed the instant appeal.

## DISCUSSION

¶7. PCR motions are governed by Mississippi Code Annotated section 99-39-5 (Supp. 2014). The statute provides that a prisoner has three years within which to request post-conviction relief. After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations include:

> [A]n intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the movant's] conviction or sentence or that [the movant] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the [movant] pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the [movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the

3

original prosecution. Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶8. Here, Parham pleaded guilty in April 2004 and was sentenced in October 2004. Parham's instant PCR motion was filed in October 2012 — approximately eight years after his conviction and sentence. Parham asserts that the case of *Gowdy v. State*, 56 So. 3d 540 (Miss. 2010), is an intervening decision because it overrules caselaw that the circuit court applied to him at the time of his sentencing. However, Parham's claim that *Gowdy* negates the three-year time-bar is unfounded.

¶9. First, the case that *Gowdy* overruled was handed down after Parham was sentenced. Thus, the circuit court did not rely on *Gowdy*'s predecessor in adjudicating Parham's case, and *Gowdy* is not an intervening decision. Second, even if *Gowdy* were an intervening decision, it stands for the legal principle that the State must disclose to the accused its intent to seek a habitual-offender-status amendment prior to the start of an accused's trial so as to allow the accused "a fair opportunity to present a defense" and prevent "unfair[] surprise." *Id*. at 545 (¶19) (citation omitted). Here, Parham was aware of the State's intent to amend his indictment before he entered a guilty plea. He even joined the State's motion to amend the indictment. Indeed, it would appear that the amendment to reflect an application of Mississippi Code Annotated section 99-19-81 instead of section 99-19-83 was part of the State's concession to Parham pursuant to a plea bargain. Accordingly, Parham's case is not excepted from the three-year statute of limitations.

4

¶10. Furthermore, Parham's assertion in his second PCR motion mirrors that of his last PCR motion. Parham argues that he was illegaly indicted as a habitual offender. This argument was addressed by the circuit court in 2009, and we affirmed the circuit court's judgment in 2010.

¶11. Mississippi Code Annotated section 99-39-23(6) (Supp. 2014) applies to successive writs. Section 99-39-23(6) provides that an issue raised by a PCR movant and addressed in a final judgment with specific findings of facts and conclusions of law cannot be raised by the movant again. Any motion filed after an entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ. Accordingly, because this issue was raised in Parham's prior PCR motion and fully adjudicated by both the circuit court and this Court, the instant PCR motion is also barred as a successive writ. Hence, the circuit court's dismissal of Parham's PCR motion as procedurally barred was proper. This issue is without merit.

¶12. **THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**