# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01609-COA

DAVID SAMUEL-RAMOS FELICIANO A/K/A          APPELLANT
DAVID FELICIANO A/K/A DAVID SAMUEL
FELICIANO

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/2015 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OLIVER E. DIAZ JR. DAVID NEIL MCCARTY |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA BYRD JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF AS A SUCCESSIVE WRIT |
| DISPOSITION: | AFFIRMED - 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. David Samuel-Ramos Feliciano was indicted as a habitual offender and pleaded guilty to one count of felony fleeing the scene of an accident. Because he was a habitual offender, he could have been sentenced to the maximum penalty of twenty years; however, the Circuit Court of the Second Judicial District of Harrison County sentenced Feliciano to seventeen and one-half years to serve in the custody of the Mississippi Department of Corrections

("MDOC"). The circuit court reduced the sentence based on a joint recommendation made by the State and defense counsel. Feliciano filed a motion to vacate, set aside, and correct his sentence under the Uniform Post-Conviction Collateral Relief Act ("UPCCRA") and was denied relief. Feliciano then filed a second motion under the UPCCRA, which the circuit court denied because the motion was barred as a successive writ. Feliciano now appeals, and we find that the circuit court did not err in denying Feliciano's successive writ. Thus, we affirm.

**FACTS**

¶2. On September 26, 2012, at approximately 11:15 p.m., Feliciano was driving his friend's truck when he pulled out in front of traffic and collided with a motorcyclist, who died shortly thereafter. Feliciano left the scene and hid at a friend's house, before his friends convinced him to seek medical treatment. His friend called the police, and Feliciano turned himself in. He was later indicted for felony leaving the scene of the accident, and was indicted as a habitual offender due to several past felony convictions.

¶3. On November 8, 2013, Feliciano pleaded guilty, and the circuit court adequately performed the required plea colloquy before accepting Feliciano's plea. Feliciano told the circuit court that he fled the scene because he was in shock, but later admitted that he was out on bond for another charge at the time of the collision. The circuit court specifically asked Feliciano if he ever had "any blow to [his] head, loss of consciousness, loss of memory, or any other serious injury that in [his] opinion would cause [him] not to fully understand what [he was] doing." Feliciano answered, "No, ma'am."

2

¶4. As part of Felicano's plea agreement, the State recommended that he serve seventeen years and six months, day-for-day, in the custody of the MDOC. The circuit court accepted the recommendation.

¶5. On August 8, 2014, Feliciano filed a motion to vacate, set aside, and correct his sentence, "pursuant to Mississippi Code Sections 99-39-1, et seq., known as the [UPCCRA]." The circuit court denied the motion, finding it did not comply with the statutory requirements of the UPCCRA, and alternatively, that it was without merit. Feliciano did not appeal the ruling.

¶6. Approximately one year later, Feliciano filed his second postconviction-relief ("PCR") motion claiming that new medical evidence was discovered, that his plea was not voluntarily made, and that he received ineffective assistance of counsel. Again, the circuit court denied the motion and held that it was procedurally barred under the UPCCRA as a successive writ, and alternatively, that it, too, was without merit. Feliciano appeals the denial of his second motion.

## DISCUSSION

¶7. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) applies to successive writs. Section 99-39-23(6) provides that a prisoner who raises an issue that the circuit court addresses in a final judgment with specific findings of facts and conclusions of law cannot raise the issue again. "Any motion filed after an entry of the final judgment and asserting the same issue is procedurally barred as a secondary or successive writ." *Parham v. State*, 174 So. 3d 880, 883 (¶11) (Miss. Ct. App. 2015).

¶8.     In Feliciano's first PCR motion, he argued that new medical evidence was discovered that negated the intent element for his crime. He submitted the report of a doctor who asserted that Feliciano experienced the medical occurrence of "fight or flee" on the night of the accident. No evidence was submitted to establish the doctor as an expert, and his findings were based on a manual for at-home medical references. Furthermore, the doctor's report did not discuss anything related to Feliciano's competency or mental capacity at the time he entered his guilty plea. The circuit court found that not only was Feliciano's motion not in compliance with the UPCCRA, but it also failed on the merits because there was no new medical evidence that would allow relief under the UPCCRA.

¶9.     Feliciano's second PCR motion again alleged that new medical evidence was discovered, this time specifically referencing an incident that occurred when he was fourteen years old and was struck by a van. He argued that the incident affected his memory and cognitive abilities, and he supported his argument by showing that he had to enroll in special-education classes after the van struck him. The circuit court again found that this was not newly discovered evidence, since Feliciano had known of this injury for approximately twenty years, and told the circuit court during his plea colloquy that he did not have any injuries that would impair his ability to competently enter his plea.

¶10.    Lastly, Feliciano argued that he received ineffective assistance of counsel because his attorney did not request that a mental evaluation be conducted. Errors affecting fundamental rights are excepted from the procedural bars of the UPCCRA. However, "the mere assertion of a constitutional right violation" does not engage the exception. To prevail on a claim of

4

ineffective assistance of counsel, a defendant must show: (1) his counsel's performance was deficient; and (2) the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We decline to discuss the merits of this argument in depth, because we agree with the circuit court's finding that there was no "indication that Feliciano behaved in a manner that should have caused the attorney to recognize any problem." There were no grounds known to defense counsel that would require him to move for a mental evaluation; therefore, his failure to move for such an evaluation cannot be considered deficient. The ineffective-assistance-of-counsel claim is without merit, and thus does not propel Feliciano over the procedural bar to his successive writ.

¶11.   The circuit court conducted a thorough review and detailed analysis of Feliciano's first PCR motion, and did so again with his second. Though his first PCR motion was not in the particularized format required under the UPCCRA, Feliciano specifically requested relief under the UPCCRA, and the circuit court adjudicated the motion on the merits and in accordance with the UPCCRA. Therefore, we find no error, and we affirm.

¶12.   **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

   **LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**